ALBERT MELDON, Respondent, *v.* ANGELA M. DEVLIN et al., Respondents, and MARY E. J. DEVLIN et al., Appellants.

*Meldon* v. *Devlin*, 31 App. Div. 146, affirmed.
(Argued March 29, 1901; decided May 14 1901.)

APPEAL by permission from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1899, modifying and affirming as modified an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Charles M. Demond* and *Walter S. Logan* for appellants.

*Rudolph Dulon,* for plaintiff-respondent.

*Nelson Shipman* and *Richard O'Gorman* for defendants-respondents.

*Per Curiam.* The appeal herein was taken by permission of the Appellate Division, and brings up for review two certified questions, which are as follows: *First.* Were, and are,

the persons mentioned in paragraph three of the judgment of the Special Term herein, during the time herein mentioned, entitled to the due and undisposed of income of the trust created by the fourth paragraph of the second codicil of the last will and testament of Daniel Devlin, deceased, such due and undisposed of income being described in paragraph two of said judgment of the Special Term; or does, and did, such income belong to the persons who during the said period would have been entitled to the next eventual estate in the principal of said trust in case both Jeremiah Devlin and William Devlin, the trustees, had died without having made any disposition of such principal by will or deed, such persons so entitled being at such times the relatives of Daniel Devlin, deceased, namely, his next of kin? *Second.* Must the proceeds of sale of the premises mentioned in paragraph sixteen of the judgment of said Special Term as modified by the order of this court, paid, and to be paid, by the defendant Peter W. Felix, be apportioned between principal and income of said trust estate as provided in paragraph seventeen of the judgment of said Special Term; or should such proceeds be solely considered the principal of said trust and the property of the children of Jeremiah Devlin, pursuant to the terms of his will, in which he appointed such principal to go to his children pursuant to the power of disposition given in said fourth paragraph of the second codicil of the last will and testament of Daniel Devlin, deceased? For the reasons stated in the prevailing opinion below the questions certified to us must be answered as follows: *First.* The persons mentioned in paragraph three of the judgment of the Special Term herein were, and are, during the times therein mentioned entitled to the due and undisposed of income of the trust created by the fourth paragraph of the second codicil of the last will and testament of Daniel Devlin, deceased, such due and undisposed of income being described in paragraph two of said judgment of the Special Term. *Second.* The proceeds of sale of the premises mentioned in paragraph sixteen of the judgment of said Special Term, as modified by the order of the Appellate Division, paid, and to be paid, by the defendant Peter W. Felix, must be apportioned between prin-

cipal and income of said trust estate, as provided in paragraph seventeen of the judgment of said Special Term. These answers require an affirmance of the order of the Appellate Division.

The judgment should be affirmed, with costs to each of the respondents, payable out of the estate.

PARKER, Ch. J., GRAY, O'BRIEN, LANDON and WERNER, JJ., concur; HAIGHT and CULLEN, JJ., not voting.

Judgment affirmed.