In the Matter of the Accounting of MARGARET N. HARTEAU et al., as Trustees under the Will of HENRY HARTEAU, Deceased, Appellants and Respondents.

JOHN R. KUHN, as Executor of HARRIETTE A. H. BERRY, Deceased, and THE CITY OF NEW YORK, Appellants; BROOKLYN CHILDREN'S AID SOCIETY et al., Respondents.

Will — construction of bequest to city of Brooklyn — disposition of income accumulated during suspension of power of alienation of principal fund.

1. The testator directed his executors upon the death of his wife to appropriate a sum therein named from the general fund of his estate to be expended in the erection of a statue to Lafayette. The eleventh paragraph of the will also nominated and appointed "the Mayor of the City of Brooklyn and the Commissioner of the Department of Parks of said City, or the officers who may be exercising corresponding functions at the time of my death, to act as a commission in conjunction with my said executors to carry out this provision of my Will. I give this joint body full power and discretion in the matter." *Held*, that the provision is valid and that the beneficiary is the city of Brooklyn and, although it ceased to be a separate municipality in 1897, two years after the testator's death, the existing city of New York has succeeded to all its corporate rights,

capacities and trusts. Among these was the capacity to receive a gift for the erection of a statue.

2. The statute (Real Property Law, § 63, Cons. Laws, ch. 50) provides that when there is a suspension of the power of alienation, or of the ownership of an expectant estate, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate. This rule is equally applicable to future interests in personal property. The intention of the testator is clear that after the provisions for his wife, sister and niece have been carried into effect, and his wife has died, his estate to the extent of $35,000 shall be expended for the benefit of the city of Brooklyn, now the city of New York, in the manner indicated. The will creates an estate in expectancy to which the city of New York is next entitled. Hence so much of surplus dividend which accrued on testator's stock, as must be regarded as income, belongs to the city and must be paid by the executors to the city and credited on account of the legacy for the statue.

3. Rule in *Robertson* v. *De Brulatour* (188 N. Y. 301), as to when surplus dividend on stocks is to be deemed capital and when income, followed.

*Matter of Harteau*, 142 App. Div. 904, modified.

(Argued January 11, 1912; decided January 30, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 30, 1910, which affirmed a decree of the Kings County Surrogate's Court settling the accounts of the trustees under the will of Henry Harteau, deceased.

The facts, so far as material, are stated in the opinion.

*George V. Brower* for trustees, appellants and respondents. The whole scheme and object of the decedent was to provide a fund for the payment of the annuity to his wife for life and his sister, Mrs. Wheeler and his niece, the contestant, his only heirs at law and next of kin, and the preservation in the meantime of his wife's home in the city and his country home. To accomplish this object he has given not only the income but so much of the principal of the estate from time to time as may be neces-

sary. The residue of his estate, after his wife's death, was for the erection of the statue of Lafayette, and after that was fully accomplished, the residue, if any, to be divided among certain charities as named in the 12th clause of his will. (*Cockran* v. *Schnell*, 140 N. Y. 516; *Garvey* v. *Union Trust Co.*, 52 N. Y. Supp. 260; *Reeves* v. *Snooks*, 83 N. Y. Supp. 746; *Herzog* v. *Title G. & T. Co.*, 177 N. Y. 86; *Cook* v. *Lowey*, 95 N. Y. 103.) The 11th clause of the will providing for the erection in Prospect park, Brooklyn, by the trustees, under the will, of a monument to the Marquis De Lafayette, is a valid disposition of the fund to the extent of $35,000. (L. 1901, ch. 466, §§ 1, 111, 609, 616.)

*M. J. Hickey* for John R. Kuhn, as executor, appellant. The charitable corporations mentioned in the 12th clause of the will are not residuary legatees nor entitled to the next eventual estate. (*Kerr* v. *Dougherty*, 79 N. Y. 328; *Matter of Benson*, 96 N. Y. 499; *Langley* v. *Westchester Trust Co.*, 180 N. Y. 326, 331.) The surplus income accumulated in the hands of the executors should be distributed in accordance with the Statute of Distributions. (*Phelps* v. *Pond*, 23 N. Y. 69; *U. S. T. Co.* v. *Soher*, 178 N. Y. 442; *Matter of Butterfield*, 133 N. Y. 473; *Kalish* v. *Kalish*, 166 N. Y. 368; *Kerr* v. *Dougherty*, 79 N. Y. 328; *Matter of Benson*, 96 N. Y. 499.) The city of Brooklyn is not mentioned or intended as a beneficiary of testator. (*Phelps* v. *Pond*, 23 N. Y. 69; *Matter of Shattuck*, 193 N. Y. 447; *Levy* v. *Levy*, 33 N. Y. 97.) The scheme of testator in the 11th clause directing the expenditure of $35,000 in erecting a statue of Lafayette is void. (*Levy* v. *Levy*, 33 N. Y. 97; *Fairchild* v. *Edson*, 154 N. Y. 199; *Tilden* v. *Green*, 130 N. Y. 29; *Pritchard* v. *Thompson*, 95 N. Y. 76; *Holland* v. *Alcock*, 108 N. Y. 312; *Cottman* v. *Grace*, 112 N. Y. 299.)

*Archibald R. Watson, Corporation Counsel* (*James D. Bell* of counsel), for city of New York, appellant.

The testator made a valid disposition in paragraph 11 of his will of the sum of $35,000 for erecting a statue of Lafayette in Prospect park, Brooklyn. (3 Dillon on Mun. Corp. [5th ed.] § 981; *Matter of Crane*, 12 App. Div. 271; 159 N. Y. 557; *People* v. *Powers*, 147 N. Y. 104; *Matter of Carey* v. *Wurster*, 31 App. Div. 553.) The decree of the surrogate is erroneous in directing the distribution of the proceeds of the one hundred and sixty shares of additional stock. (*Stokes* v. *C. T. Co.*, 186 N. Y. 285; *Lord* v. *E. L. Assur. Society*, 194 N. Y. 212; *Page* v. *A. & B. Mfg. Co.*, 129 App. Div. 346; *Bond* v. *A. T. C. Co.*, 137 App. Div. 671; *McLouth* v. *Hunt*, 154 N. Y. 179; *Lowry* v. *F. L. & T. Co.*, 172 N. Y. 137; *Robertson* v. *De Brulatour*, 188 N. Y. 301; *N. Y. L. Ins. & Trust Co.* v. *Baker*, 165 N. Y. 607.)

*William G. Cooke, Howard O. Wood* and *J. Mayhew Wainwright* for respondents. If, for any reason the statue cannot legally be erected, the money designed for that purpose becomes a part of the fund to be divided among the residuary legatees. (*Rice* v. *Barrett*, 102 N. Y. 161; *Riker* v. *Cornell*, 113 N. Y. 115; *Carter* v. *Bd. of Education*, 144 N. Y. 621; *Langley* v. *Trust Co.*, 180 N. Y. 327.) The charities mentioned in the 12th clause of the will are entitled to the surplus of income remaining after payment of the annuities and expenses of administration. (*Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Gilman* v. *Reddington*, 24 N. Y. 19; *Cook* v. *Lowry*, 95 N. Y. 103; *Cochrane* v. *Schell*, 140 N. Y. 515; *Gott* v. *Cook*, 7 Paige, 522; *Phelps* v. *Pond*, 23 N. Y. 80; *Phelps* v. *Pond*, 28 N. Y. 69; *U. S. Trust Co.* v. *Soher*, 178 N. Y. 442; *Kerr* v. *Dougherty*, 79 N. Y. 328; *Matter of Benson*, 96 N. Y. 499.)

WILLARD BARTLETT, J.  This controversy involves the validity and effect of certain portions of the will of Henry Harteau, late of the city of Brooklyn, deceased, and the

[204 N. Y.]      Opinion, per WILLARD BARTLETT, J.          [Jan.,

correctness of the directions contained in a decree of the surrogate of Kings county as to the disposition of certain moneys of his estate.

Henry Harteau was a resident of Brooklyn and died in that city on September 5th, 1895, leaving a last will and testament which was admitted to probate on the 1st of October in the same year. His executors were and are Margaret N. Harteau, his widow, Eugene H. Winslow and Julian D. Fairchild, president of the Kings County Trust Company. The will directs the executors to deposit in the Kings County Trust Company all the testator's securities and moneys to constitute what he terms in his will the " general fund " of his estate. It bequeaths to his wife, Margaret N. Harteau, all the testator's personal property in his Brooklyn residence and devises to her his summer residence in the town of Lee in Berkshire county, Massachusetts, and all his real estate there for the period of her natural life. At the death of his wife or sooner, if she consents, the executors are directed to sell said real property and deposit the proceeds to the credit of the general fund of the estate already mentioned. The executors are further empowered to sell any of the testator's personal property not otherwise disposed of whenever in their judgment it shall be for the interest of the estate and to deposit the avails thereof in the same general fund. Out of this general fund the executors are to make payments as follows:

1. Twelve hundred dollars a year to the testator's wife and all taxes and expenses for necessary repairs upon his Brooklyn residence;

2 Six hundred dollars a year to the testator's sister, Frances Wheeler, during the lifetime of the testator's wife, and upon her death, if the said sister survives her, a sum sufficient to insure an income of six hundred dollars per annum for the remainder of her life.

3. To the testator's niece, Harriette A. H. Berry, four hundred dollars a year during the life of the testator's

wife, and upon her death, if the niece survives, a sum sufficient to insure an income of four hundred dollars per annum for the remainder of her life.

Upon the death of the wife the executors are directed to appropriate from the general fund of the estate the sum of thirty-five thousand dollars to be expended in the erection of a statue to Lafayette. This provision will be considered more fully hereafter.

Whatever sum may remain in the estate after the statue is erected is to be applied first to the payment of two hundred dollars to the town library of Lee, Massachusetts, and then in the proportion of one-fifth each to the Gates Avenue Homœopathic Dispensary, the Brooklyn Children's Aid Society, the Brooklyn Society for the Prevention of Cruelty to Children, the Brooklyn Home for Aged Men and the American Society for the Prevention of Cruelty to Animals.

The testator's sister, Frances Wheeler, died on November 23, 1902; his niece, Harriette A. H. Berry, died on April 11, 1908, leaving a last will and testament, of which John R. Kuhn is the sole executor. It will be seen, therefore, that all the personal beneficiaries under Mr. Harteau's will except his widow are dead, and the obligation of his executors and trustees to pay their annuities has ceased.

Among the assets of the estate were 160 shares of the capital stock of the Metropolitan Plate Glass Insurance Company, now known as the Metropolitan Casualty and Insurance Company. The authorized capital of this corporation at the time of the testator's death was $100,000. In 1902 the directors determined to increase it to $200,000, and to this end they declared a cash dividend of 100% payable out of the company's surplus on February 15, 1902. Stockholders were accorded the privilege of subscribing at par for the additional stock to the extent of 100% of their respective holdings and Mr. Harteau's executors availed themselves of this privilege in behalf of his estate and

applied the $16,000 which they received by way of dividend to the acquisition of 160 shares of the new stock. It appears that they have since sold these 160 additional shares at public auction at a price which yielded the estate the sum of $19,912.80.

The questions which require consideration upon this appeal are only two in number: (1) Is the bequest in the eleventh paragraph of the will for the erection of the Lafayette statue valid ?   (2) Is the sum received by the executors and trustees for the additional stock purchased with the surplus dividend of the Metropolitan Plate Glass Insurance Company to be regarded as capital or income ?

This case was reviewed on a prior appeal by the Appellate Division in the second department and its principal phases were then discussed in an opinion by Mr. Justice GAYNOR which upheld, as I think rightly, the validity of the provision for the statue to Lafayette. (*Matter of Harteau*, 125 App. Div. 710.)

The eleventh paragraph of the will reads as follows:

" 11. Upon the death of my said wife, Margaret N. Harteau, and the other provisions of this my last Will and Testament having been complied with, I direct that my surviving executors shall devote and appropriate from the general fund of my estate the sum of thirty-five thousand dollars ($35,000) to be expended in the erection of a statue of General, the Marquis De Lafayette, to be placed in Prospect Park, Brooklyn, as an expression of my admiration for that noble and patriotic man and of my appreciation, in which my country shares, of his aid in establishing our Republic, and I request, nominate and appoint the Mayor of the City of Brooklyn and the Commissioner of the Department of Parks of said City, or the officers who may be exercising corresponding functions at the time of my death, to act as a Commission in conjunction with my said executors to carry out this provision of my Will. I give this joint body full power and discretion in the matter, except that I request that

said statue shall be sculptured as far as possible from the
negative in the works of Irving (Life of Washington)
and from the engraving therefrom, in possession of tes-
tator, and except that I further request that said joint
body shall consult and confer with St.. Clair McKelway
and Alfred C. Barnes, both of the City of Brooklyn, as
to the preparation of suitable inscriptions upon the statue,
which shall indicate that it was erected by Henry Har-
teau and presented by him to the People of Brooklyn, in
honor of the memory of the friend and close companion
of the immortal Washington, and also to confer with
said McKelway and Barnes in regard to the details of
such presentation."

The provisions of this paragraph can be questioned only
upon the ground that the will is indefinite and uncertain
as to the persons designated as beneficiaries; but as
Judge GAYNOR points out the beneficiary was the city of
Brooklyn and although it ceased to be a separate munici-
pality in 1897, two years after the testator's death, the
existing city of New York has succeeded to all its cor-
porate rights, capacities and trusts. Among these was
the capacity to receive a gift for the erection of a statue.
(*Matter of Crane*, 12 App. Div. 271; affd., 159 N. Y. 557.)
The case cited was a gift for the erection of a drinking
fountain in the city of New York to the memory of the
testator, but I think the same principle must apply to the
gift of a statue which will add to the attractiveness of
the city and promote the education, patriotism and
enjoyment of its inhabitants.

The question whether the surplus dividend is to be
deemed capital or income depends upon the time of
the acquisition of the surplus which was divided.
The amount of the dividend was $100,000; the find-
ings of the surrogate show that on December 31,
1895, shortly after the testator's death, the surplus of
the Metropolitan Plate Glass Insurance Company was
$190,000, and that at the time of the adoption of the

resolution for the dividend it was $279,000, an increase of $89,000 within that period. This increase, which under the doctrine of *Robertson* v. *De Brulatour* (188 N. Y. 301), *Thayer* v. *Burr* (201 N. Y. 155) and other cases, is to be regarded as income, was 89% of the total dividend; and consequently 89% of that portion of the dividend which went to the executors must also be deemed income. This amounted to $17,722.39. Inasmuch as it exceeds the aggregate of the annual payments directed by the will and an accumulation of it would be unlawful, the Appellate Division considered that it must go to the corporations mentioned in the residuary clause of the will as being the parties entitled to the next eventual estate; whereas the executor of the deceased niece insists that it should go to her estate inasmuch as she stood in that position.

The statute as to undisposed profits provides as follows: "When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." (Real Property Law, § 63. Cons. Laws, ch. 50.) This rule is equally applicable to future interests in personal property. (Personal Property Law, § 11.) But are the corporations mentioned in the residuary clause the "persons presumptively entitled to the next eventual estate" under this will? I think not. The next eventual estate is the bequest of $35,000 for the erection of the statue to Lafayette. The intention of the testator is perfectly clear that after the provisions for his wife, sister and niece have been carried into effect, and his wife has died, his estate to the extent of $35,000 shall be expended for the benefit of the city of Brooklyn, now the city of New York, in the manner indicated. We have here an estate in expectancy to which the city of

New York is next entitled, and, therefore, the city comes within the very letter and spirit of the statute. If this view be correct, the 89% of the. surplus dividend received by the executors and trustees as proceeds of the surplus dividend belongs to the city and must be paid by the executors to the city and credited on account of the legacy for the statue.

It follows that the order of the Appellate Division and the decree of the surrogate should be modified so as to charge the executors and trustees with $17,722.39 instead $19,912.80, as income arising out of the proceeds of the sale of 160 shares of the Metropolitan Casualty & Insurance Company, and with the balance thereof as capital of the estate, and, further, so as to direct that they pay said income to the city of New York under the eleventh paragraph of the will. As thus modified the order and decree should be affirmed, with costs to those parties who have appeared and filed briefs in this court.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, CHASE and COLLIN, JJ., concur.

Ordered accordingly.