William Shepherd Dana, Plaintiff, *v.* Jacob Seibert, Jr., and William Shepherd Dana, as Trustees of the Trust Created by the Second and Twelfth Paragraphs or Divisions of the Last Will and Testament of William B. Dana, Deceased, George S. Dana, Jacob Seibert, Jr., and William Shepherd Dana, as Executors of the Last Will and Testament of William B. Dana, Deceased, Suffolk County Trust Company, as Administrator with the Will Annexed of Ethel Dana Shepherd, Deceased, Jacob Seibert, Jr., and Maria Trumbull Dana, Defendants.

(Supreme Court, New York Special Term, November, 1918.)

Trusts — action for construction of will — when persons presumptively entitled to "next eventual estate" are entitled to released income — Personal Property Law, § 11 — Real Property Law, § 63.

A testamentary trust as to all the stock of testator in a certain corporation while providing for the continuance of the trust during the lives of A and B declared that it should not extend beyond twenty-one years after the death of the testator, and that not to exceed one-half of the net income should be applied towards the payment of certain legacies, with direction for the payment of the balance of said income " to the persons entitled to the residue of my estate according to the provisions hereof and in the same proportions." Then followed a direction to the trustees to transfer and deliver a certain number of shares of the stock to C, or, if he were not living, to A, or, if he were not living, to his issue, or, if there were no such issue, then as quoted above. A bequest of the remainder of such stock to A by language the same as the bequest to C provided that when A arrived at age he should become a trustee under said trust. The residuary estate, after its conversion into money as directed by the will, was to be divided into five equal shares, two of which were bequeathed to A, two to D and one to E, with proviso that if D should not survive testator, which she did, the shares which she would have taken were given to A, and if he did not survive testator, which he did, the shares he would have

taken were given to his issue, and if there were none such, then to F and E. In an action brought by A for the construction of the trust and residuary clause and for direction as to the distribution of the trust income, *held:*

In the absence of express provision in the will, the income released by the death of D did not pass to her estate and her administrator was not entitled to receive any part thereof.

The income which would now be payable to D if she were still living was not specifically given to plaintiff, as to alter the language of the testator in the residuary clause " shall not survive me " by striking out or ignoring " me " would be to assume a responsibility that a proper consideration of the will did not warrant, and that plaintiff and C were entitled under section 11 of the Personal Property Law to the released income to the exclusion of the residuary legatee and took the same as the persons presumptively entitled to the next eventual estate in the corpus of the shares of stock out of which said income arose.

ACTION for construction of a will.

Gwinn & Pell (Israel A. Washburn, of counsel), for plaintiff.

Winthrop & Stimson (Egerton L. Winthrop and William L. Woodward, of counsel), for Maria Trumbull Dana.

Dwight & Scoville (W. C. Kronmeyer, of counsel), for Jacob Seibert, Jr.

PHILBIN, J. The court is asked to construe the 2d and 12th clauses of the will of William B. Dana and to direct the disposition of the trust income. One of the three beneficiaries of the income, Ethel Dana Shepherd, died after the testator and during the measuring lives. Conflicting claims have arisen as to the share of the income thus released. The other two, beneficiaries are Maria Trumbull Dana and William

Shepherd Dana, the latter being an adopted son of the testator.

The 2d clause creates a trust as to all the shares of stock owned by the testator in a business corporation bearing his name. It is provided that the trust shall continue during the lives of said William Shepherd Dana and one William Dana Seibert, but not to extend beyond twenty-one years after the death of the testator. It is also provided that part of the net income, but not exceeding one-half thereof, shall be applied toward the payment of certain legacies. It is then directed that the balance of the income shall be paid " to the persons entitled to the residue of my estate, according to the provisions hereof and in the same proportions." The remainder of the trust estate is disposed of by said 2d clause in the following language:

"At the expiration of such trust, I give and bequeath and direct my said trustees to transfer and deliver 300 shares of said stock * * * to Jacob Seibert, Jr., or if he be not living, to William Shepherd Dana, or if he be not living, to the issue of the latter, or if there be no such issue, then to the persons entitled to the residue of my estate, according to the provisions hereof and in the same proportions; the remainder of said stock * * * I give and bequeath and direct my said trustees to transfer and deliver to William Shepherd Dana, or if he be not living, to his issue, or if there be no such issue, then to the persons entitled to the residue of my estate, according to the provisions hereof and in the same proportions."

It is further provided that the said William Shepherd Dana shall, when he attains twenty-one years of age, become a trustee under the trust so created. The residuary clause referred to in the above paragraph of the will reads as follows:

" *Twelfth:* All the residue and remainder of my estate real and personal of every kind I direct my executors to convert into money and divide into five equal shares, and these shares I give and bequeath as follows: to Maria Trumbull Dana, one (1) share; to Ethel Dana Shepherd, two (2) shares; and to William Shepherd Dana, my adopted son, two (2) shares * * *. If Ethel Dana Shepherd shall not survive me, I give the shares which she would have taken if living to said William Shepherd Dana; if said William Shepherd Dana does not survive me, I give the shares which he would have taken if living to his issue, and if there be no such issue, then to Maria Trumbull Dana and Edward S. Dana."

All parties other than the defendant trust company, administrator with the will annexed of Ethel Dana Shepherd, contend that her estate is not entitled to any part of the released income. William Shepherd Dana, the plaintiff, makes alternative claims. He says, *first,* that he is entitled to all the income by virtue of the 12th clause which provides that he shall take the share of Ethel Dana Shepherd if she shall not survive " me " (the testator). If that contention is not sustained, he then asserts that he and Jacob Seibert, Jr., are entitled to all the released income as the persons presumptively entitled to the next eventual estate. Both of these claims by the plaintiff are disputed by the defendant Maria Trumbull Dana, who asserts that she and the plaintiff are entitled to the income — in the proportion of one to two — by virtue of the provisions of the 12th clause. These various contentions will be taken up in the order stated.

The income released by the death of Ethel Dana Shepherd does not pass to her estate for there is no express provision in the will so providing. *Manice* v. *Manice,* 43 N. Y. 303; *Delafield* v. *Shipman,* 103 id.

463; *Matter of Tompkins,* 154 id. 634; *Matter of Viele,* 35 App. Div. 211; *Gould* v. *Rutherfurd,* 79 Hun, 280. It follows that the defendant administrator is not entitled to receive any part of the released income.

This brings us to the first contention of the plaintiff — that the will specifically gives him all of the released income. It will be observed that the 2d clause is amplified by reference to the 12th or residuary clause for the purpose of designating the persons who are to receive the income from the trust estate. The 2d clause thus includes this further provision: " If Ethel Dana Shepherd shall not survive me, I give the shares which she would have taken if living to said William Shepherd Dana." That contingency did not occur, for Ethel Dana Shepherd, as above stated, did survive the testator. The plaintiff insists, notwithstanding the language used, that it was the intention of the testator that the provision referred to should go into effect if Ethel Dana Shepherd did survive the testator but died before the termination of the trust from which she was to receive the income. The obstacle to such interpretation existing in the words " survive me " is sought to be met on behalf of plaintiff by the claim that the word " me " should be disregarded as inconsistent with the intention of the testator as disclosed by a reading of the entire will and by the circumstances existing at the time it was executed. It is argued that the phrase in question should be interpreted to mean " survive me so as to take " and that it was the design of the testator that if Ethel Dana Shepherd survived him, but died at any time during the trust period, her share should still go to the plaintiff. I am unable to take this view. A careful reading of the clause in which the phrase " survive me " is contained shows that the true intention of the testator is that indicated by the words·

actually used. It will be noticed that similar wording is used in relation to the share of the plaintiff, it being provided that in the event of his not surviving " me " his share of the income shall go to his issue and in default of issue to certain other named persons. I think it fairly obvious that the income, which would now be payable to Ethel Dana Shepherd if she were still alive, is not specifically given to the plaintiff. To alter the language of the testator by striking out or ignoring the word " me " would be to assume a responsibility that a proper consideration of the will does not warrant.

The alternative contention of the plaintiff, as already stated, is that he and Jacob Seibert, Jr., as the persons " presumptively entitled to the next eventual estate," are entitled to the released income. Reliance is placed upon section 63 of the Real Property Law, made applicable to personalty by section 11 of the Personal Property Law. *Matter of Harteau,* 204 N. Y. 292. Section 63 reads as follows: " When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

In *Matter of Kohler,* 96 Misc. Rep. 433, Mr. Surrogate Fowler points out (p. 452) that the purpose of the statute is to allow him who is to take the future estate also to take the rents and profits in the interim, pending the vesting in possession of his estate, where such rents and profits are not given to another. The same idea has been expressed by the Court of Appeals as follows: " The statute is founded upon the presumption that the donor of property may naturally

be supposed to intend that the income should go to the same person to whom he had given that out of which the income arises.'' *Phelps* v. *Pond,* 23 N. Y. 69, 83. Keeping in mind the purposes as thus expressed, the next point for consideration is whether the plaintiff and Jacob Seibert, Jr., are in fact presumptively entitled to the next eventual estate. In *Matter of Kohler, supra,* it is said that the '' persons presumptively entitled to the next eventual estate are those who are entitled to the estate which is to take effect at the end of a period during which the rents and profits are undisposed of, or are not validly accumulated.'' Citing cases, including *Matter of Harteau, supra.* '' The statute refers to those who are presumptively entitled at the time the income accrues, even though the *corpus* of the estate, by reason of subsequent events, may eventually rest elsewhere.'' The plaintiff and Jacob Seibert, Jr., are so entitled by the 2d clause of the will.

It would seem to follow that the plaintiff and Jacob Seibert, Jr., are entitled to the released income. However, Maria Trumbull Dana urges that the residuary clause *disposes* of the released income, since it lapsed on the death of Ethel Dana Shepherd and fell into the residuary estate; that the statute, which only applies where the income is '' undisposed of,'' has no application here. But a residuary clause, as such, does not necessarily dispose of the rents and income within the meaning of the statute. The disposition referred to in section 63 is a specific and particular one. *Matter of Harteau, supra; Matter of Kohler, supra.*

The conclusion is that as the released income in the instant case is not specifically or particularly disposed of the plaintiff and Jacob Seibert, Jr., are entitled to the benefit of the statute, to the exclusion of the residuary legatee, and take the released income as the

persons presumptively entitled to the next eventual estate in the *corpus* of the shares of stock out of which the income arises. Such income is payable to the plaintiff and Jacob Seibert, Jr., in the proportion of 2,709 to 300, the *corpus* of the trust consisting of 3,009 shares of stock. The result thus reached is in entire accord with the theory first adopted by the plaintiff, for his complaint does not set forth the claim that he is entitled to all the released income.

Judgment accordingly.