JONATHAN ACKERMAN COLES, complainant,

*v.*

THE CITY OF NEWARK, Charles E. Gillen, director of parks and public property, defendants.

[Decided July 25th, 1923.]

1. A gift of a statue to a municipality for use in a park vests complete title in the municipality, which holds it, however, in trust for public use.

2. A gift of a statue by an individual to a municipality, and the selection of a site for it by the donor and the municipality before the completion of the gift, does not imply that the statue may never be moved.

3. Though one giving a statue to a municipality for use in a park loses all property rights therein, the municipality acquiring title in trust for the public cannot do what it will with the statue, or sell or destroy it, so long as it serves the public use, such course being an arbitrary abuse of its trust.

4. Where a city holding title to a statue in trust for the use of the public in good faith seeks to remove it from the site selected for it, intending to use it in a reasonable manner to beautify the city, equity will not interfere with its discretion and enjoin such removal.

5. A preliminary injunction is not warranted if the complainant's asserted rights are, as a matter of law or fact, doubtful.

---

On motion for preliminary injunction.

*Messrs. McCarter & English (Mr. Robert H. McCarter),* for the complainant.

*Mr. Jerome T. Congleton* and *Mr. Charles M. Myers,* for the defendants.

BACKES, V. C.

In 1895 the complainant gave to the city of Newark the "Indian Group" erected by him at the northerly apex of Lincoln Park, a place selected by the city and the donor. The statute was gratefully received, and was dedicated with solemn ceremony befitting the donation of this attractive and costly work of art. The city now intends to remove it to a slightly less prominent side in the park, a short distance from its present location, to make room for the "world war monument." The donor objects and asks that the removal be restrained.

The gift of the "Indian Group" was absolute and unconditional. Complete title is in the city of Newark; held by it, however, in trust for public use. *Guild* v. *Newark, 87 N. J. Eq. 38; Lawrence* v. *Prosser, 89 N. J. Eq. 248; Crane's Will, 57 N. Y. Supp. 407; affirmed, 159 N. Y. 557; In re Harteau, 204 N. Y. 292.* That the gift has also the virtue of a charitable trust, in the sense that it is educational, is urged by the complainant, but this is of no moment as the gift was not upon private trust (as in the Bishop Phillips Brooks monument—*Eliot* v. *Trinity Church, 232 Mass. 517*), and the rule against perpetuity is not involved. It is said that the monument was to commemorate the historic fact that New Jersey was acquired from the Indians without bloodshed. There is no inscription to make this known to the observer. *Per se* the group is unintelligible. Its significance varies with the imagination and fancy. The impression is that of a beautiful work of art—nothing more.

The claim of the complainant that the mutual selection of the site by him and the city before the completion of the gift implied a condition of irremovability is not apparent. The gift had no strings to it; it was outright, for public pur-

poses—the ornamentation and embellishment of the city, and possibly, but remotely, for charity. The city became trustee for the public, forever and always so long as the monument endures and serves the public interest. I quite agree with the contention of the city that the gift worked a change of title and that the donor lost all property rights therein, but I cannot give assent to its assertion that: "If that is so, it is within the power of the city to do what it will with the monument, even so far as to dispose of it by sale or demolish it, if in the judgment of the present officials of the city of Newark such disposition of it is advisable." Not so long as the monument serves the public use. To sell or demolish it, arbitrarily, would be an abuse of the trust the city owes the public, and would be enjoined upon the application of the *cestui que trust*—the public, or the donor could intervene. *Mills* v. *Davison, 54 N. J. Eq. 667.* Only when it ceases to serve the public use will the trust end.

As long as the city acts in good faith in the execution of its trust, *i. e.,* uses the monument in a reasonable manner to beautify the city, equity cannot interfere with its discretion. *Attorney-General* v. *Moore's, 19 N. J. Eq. 503; Berdan* v. *Passaic Valley Sewage Commission, 82 N. J. Eq. 235.* If it is kept in mind that the real trust of the city is the adornment of the town, and that the monument is only an instrument to that end, the case is simple. When the monument was erected the city trustee selected the present site as the one then most suitable for carrying out the trust. The donor approved. Now if to enhance the beauty of Lincoln Park the city sees fit to remove the "Indian Group" to another point in the park, not remote or obscure, but, as I understand, in close proximity to other monuments of as great or even greater artistic value, to make room for an imposing and inspiring War Hero Monument, and which, for obvious reasons, has the call of the day, I fail to see how, reasonably, it can be said that the city is not discharging its trust in letter and spirit; or, to put it more closely, how can it be said that it is abusing its trust? That the city at one time thought that the present site of the "Indian Group" was then the appro-

priate place for the fulfillment of the trust is not an obstacle to the selection of another, and the donor's acquiescence in the earlier location does not imply a privilege to obstruct the choice of a new one. Suppose the site had since been surrounded by factories, would it not have been within the discretion, yes, would it not have been the duty of the city to chose another and fit place for the monument? And could the donor object?

A preliminary injunction is not warranted if a complainant's asserted rights are, as a matter of law or fact, doubtful. *Citizens Coach Co.* v. *Camden Horse Railway Co., 29 N. J. Eq. 299; Allman* v. *United Brotherhood, 79 N. J. Eq. 150.*