WILLIAM H. P. FAUNCE *et al. Trs. vs.* PEOPLES SAVINGS BANK *et al.*

JUNE 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

76

STEARNS, J. This is a bill for instructions brought by trustees who are the presidents for the time being respectively of Brown University, Butler Hospital and the Rhode Island Hospital. The respondents are the Peoples Savings Bank, depositary of the trust fund, the Attorney General of the State and the National Society of the Colonial Dames. The cause, being ready for final decree, has been certified to this court. (Gen. Laws, 1923, C. 339, § 35.)

The facts alleged in the bill and admitted in the answers are as follows. On January 24, 1865, Stephen Randall, late of Providence, now deceased, deposited $1,000 in the Peoples Savings Bank to the credit of the presidents for the time being of Brown University and the above-mentioned hospitals "as trustees for the Roger Williams monument

fund payable to them or the major part of them or their successors in office." By a deed of trust of the same date, recorded in the land records of Providence, the donor declared that the trust was established with a view to carrying into effect the desirable purpose of the erection of some memorial in some conspicuous spot in Providence, to perpetuate the name of Roger Williams; that all subsequent bequests or contributions made for this purpose and deposited to the credit of the trust fund, including interest which as it accrued was to be added to the principal, were to be allowed to accumulate until such time as the principal, interest and other deposits should amount to a sum sufficient in the opinion of the trustees to buy the land required and erect the monument; the trustees were then directed to end the trust and pay the entire fund to the Roger Williams Monument Association, if at that time it was an existing responsible corporation. If the corporation was not then existing or responsible, the trustees were directed to pay over the fund to some other responsible body incorporated for the purpose of erecting a monument to Roger Williams or, if necessary, to apply to the legislature for a charter for a new corporation on condition that whatever corporation received the fund should give satisfactory assurance to the trustees that it would forthwith procure a lot on or near the top of Prospect Hill, between Angell and Halsey streets, if practicable on the westerly side of Prospect street and within three hundred feet thereof and cause to be erected thereon a granite monument, not less than one hundred and seventy feet in height.

There are numerous other directions in regard to the details of the monument.

Two deposits, each of $200 made respectively in the years of 1865 and 1867, have been added to the fund, which has continued to draw interest semi-annually and now amounts to $20,039.

The complainants allege that construction costs and land values have so increased that the proposed monument would

now cost approximately \$500,000 and the necessary land \$25,000; that it appears by the deed that the donor expected the purpose of the trust would be accomplished by accretions of the fund by subsequent bequests and contributions, but that the fund has not been added to since 1867 and it is not now and will not be for many years sufficient to purchase the land and erect the monument; that the Society of Colonial Dames has made a formal request to complainants that said fund be devoted to the erection of a suitable statue of Roger Williams, to be located on the Rhode Island State House grounds, in Providence; the society offers to undertake to procure a design and superintend the erection of a statue of such design and materials and in such location as may be approved by the State House Commission, to obtain any other funds that may appear to be applicable and such additional money as may be necessary, should said fund be placed at its disposal. Complainants allege that the Roger Williams Monument Association in their opinion is not now an existing responsible corporation; that the Society of Colonial Dames is a responsible corporation and that the superintendence of the erection of such proposed statue is clearly within the scope of the purpose for which said society was incorporated as its charter provides that it is incorporated for the purpose of perpetuating the memory of those honored men who in colonial times aided in laying the foundations of the republic and in assisting in the erection of proper memorials of their services.

Complainants further allege that the proposal of the society appears to them to comply with the general object and intent of Stephen Randall, but, being in doubt as to their rights and duties in the circumstances, they ask instruction of the court: (1) whether they may pay over the fund to the society for the erection of a statue as requested; (2) if this is not permissible, to what use the trustees shall devote the fund.

This is a charitable trust. The monument was intended to be a public memorial to commemorate the life and works

of the founder of this State. By its magnitude and in the designated location, it should serve as a constant reminder to the public of its debt to the founder of this State and should be a stimulus to the education of the people in the history of this State and an influence in the promotion of patriotism. Such a monument dedicated not to a private or selfish interest but to the education and elevation of the public is a public charity. *R. I. Hos. Tr. Co.* v. *Benedict*, 41 R. I. 143; *Eliot* v. *Trinity Church*, 232 Mass. 517; *Matter of Harteau*, 204 N. Y. 292.

Three questions are involved: first, shall the fund be held to accumulate until sufficient in amount to erect the monument. Second, shall the fund be administered according to the *cy pres* doctrine, or does the gift fail. Third, is the proposed application under the *cy pres* doctrine proper.

It is evident from the provisions of the trust deed that the donor realized that many years might pass before the purpose of the trust could be carried into effect. From the allegations of the bill it may be inferred that there are other funds in existence which perhaps may be available and may properly be added to this trust fund, and that the Roger Williams Monument Association may still be an existing corporation. At the existing rate of interest (4%) a fund on deposit doubles each sixteen years.

Does it clearly appear that it is reasonably impracticable to administer the trust according to its terms? It may be, but we do not think this question should be decided until we have more information in regard to the facts. No criticism of any of the parties is intended by this suggestion as they are undoubtedly acting unselfishly for the public good. Even if the donor's purpose is impracticable it is a matter for consideration in view of the time that has elapsed, whether a closer approximation to the accomplishment of the donor's intention can not be made a few years hence, when the fund has increased.

The second question requires a determination of the donor's intention. Was it a general intention to erect a

monument to Roger Williams or a particular intention to limit the gift to the erection of a particular kind of monument in a designated location and that the fund should be used for no other purpose? If the latter was the intention, it is a question whether adversary interests, such as the heirs, should not be represented.

The answer to the third question is sufficient for the present inquiry and renders unnecessary an answer to the other questions. The court is requested to order the transfer of the fund from the depositary, a savings bank, to the Society of Colonial Dames, which offers "to procure the erection of a suitable statue of such design and materials and in such location on the State House grounds as may be approved by the State House Commission." This commission of three members, appointed for limited terms, is intrusted with the care, custody and maintenance of the State House and grounds in Providence (Gen. Laws, 1923, C. 35). The design, materials and location of the monument are to be determined not by the society, the proposed custodian of the trust fund, but by an unincorporated commission, subject to frequent change, not a party to this proceeding and not subject to the direction of this court. It may be that the present commission is willing to locate the monument on the State House grounds but, if such be the fact, it does not appear in the record. There is no certainty that the society can carry out its proposal even if it were otherwise unobjectionable.

For the reasons stated, our answer to the trustees is that they may not pay over the trust fund to the National Society of Colonial Dames. If, hereafter, either because of material change in the situation or for other sufficient reason, the trustees desire to apply for further instructions, the court will consider such application, without prejudice.

Cause remanded to the Superior Court with direction to enter a decree dismissing the bill without prejudice.

*Nathaniel W. Smith, Swan, Keeney & Smith,* for complainants.