In the Matter of the Judicial Settlement of the Account of Proceedings of the UNITED STATES MORTGAGE AND TRUST COMPANY, as Executor, etc., of JOHN F. MAKLEY, Deceased, Trustee of the Trust Created under the Last Will and Testament of JOSEPH MORY DAGGETT, Deceased.

Surrogate's Court, Westchester County, October 24, 1927.

**Trusts — decedent directed that on remarriage of wife only one-third of net income of estate be paid her for life and one-third of said estate be paid to brother and one-third to sister as long as said wife should live — assignment by brother prior to remarriage of widow prohibited by Personal Property Law, § 15 — sister's death prior to remarriage of widow rendered income given to her payable to persons presumptively entitled to next eventual estate under Real Property Law, § 63 — said persons assigned interest in decedent's estate prior to widow's remarriage — one-third part of income bequeathed to sister is payable to assignee.**

Decedent, after bequeathing his entire estate in trust for his wife, directed that if she should remarry, the trustees should pay her only one-third of the net income thereof for life, and one-third thereof to decedent's brother, and one-third to his sister " so long as my wife shall live." In April, 1926, decedent's brother assigned all his interest in the will, and in August, 1926, decedent's widow remarried.

Section 15 of the Personal Property Law, which prohibits transfer by assignment or otherwise of the right of a beneficiary to enforce the performance of a trust to receive the income of personal property, is applicable, and consequently the income of the trust due decedent's brother subsequent to the date of the widow's remarriage, should be paid to him, together with the future income of the trust to the extent of the one-third interest acquired through the will of the decedent.

Moreover, by the death of decedent's sister prior to the remarriage of his widow the income given to her under his will is payable to the persons presumptively entitled to the next eventual estate, under section 63 of the Real Property Law, who, at the time of the widow's remarriage, were decedent's brother and half-

brother. By reason of their assignment to a third party prior to the widow's remarriage, one-third part of the income bequeathed under decedent's will to his sister is payable to said assignee.

PROCEEDING for the judicial settlement of the account of a testamentary trustee.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Otis T. Bradley* of counsel], for Guarantee Trust Company of New York, as substituted trustee.

*Patterson, Eagle, Greenough & Day* [*Carroll G. Walter* and *J. Rhodes O'Reilly* of counsel], for Makley's executor.

*Baldwin, Hutchins & Todd* [*Hiram E. Todd* of counsel], for Harry E. Daggett and Stanley P. Daggett.

SLATER, S. In my former opinion in the above-entitled matter (*Matter of Daggett*, 128 Misc. 588) the court directed that any party may apply for direction with regard to the force or effect of the assignments referred to, as to the income accruing from said trust estate since August 24, 1926, and its payment. The Guarantee Trust Company, as substituted trustee, has applied for instructions as to the disposition of such income.

Briefly, the facts are that the decedent bequeathed his entire estate in trust to invest and pay the net income to his wife, with remainder to the issue of the marriage, if any; and upon the death of his wife without issue, he directed the trustees to divide the estate equally between his brother Harry and his sister Ida. The will also provided that, if the wife should remarry, the trustee should pay to the wife from her remarriage, one-third only of the net income so long as she shall live, and one-third thereof to the brother Harry, and one-third to the sister Ida, " so long as my wife shall live."

Ida died in 1917 leaving a will by which she gave her estate to Harry and to a half-brother Stanley.

In April, 1926, Harry and Stanley sold their interest to John F. Makley, their interest being described in the assignment as follows: " All the right, title and interest of every nature and description which I now have, or may hereafter acquire, or become vested with, in the trust provided by and set up pursuant to the last will and testament of Joseph Mory Daggett, deceased."

In June, 1926, Makley died. On August 24, 1926, the widow remarried and is now Florence M. D. Anderson.

The validity of the assignments to Makley have been sustained by this court. (*Matter of Daggett, supra.*) The questions now presented by the substituted trustee are whether the assignments

purport to cover the income accruing since August 24, 1926, and the effect thereof as to such income.

The language of the assignments leaves no doubt but what it was intended to convey the corpus as well as the income, and the plain intent was that Harry and Stanley should have no further interest in the estate.

As to Harry's interest in the income arising under testator's will:

Section 15 of the Personal Property Law (as amd. by Laws of 1911, chap. 327) provides: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property may be transferred."

Thus, the statute makes the income of such trust inalienable by the beneficiaries. It is contended by counsel for the Makley executors that at the time of the assignments Harry was not entitled to *receive* any income, and it is possible that he never would be entitled to receive any; and that he was *not even* a beneficiary of the trust, nor had any right to enforce performance thereof; and to apply section 15 to the assignment would be an unwarranted extension of the statutes to a situation it was never designed to cover.

The court cannot agree with this contention, believing it strained and too narrow, such construction thwarting the reasons for the enactment of the legislation. Harry, at the time of the assignment, was such a person who could come into court to protect the corpus of the estate from depletion, and he did so in a proceeding in this court brought to compel the trustee to restore to principal certain extraordinary dividends which had been allocated to income. (*Matter of Daggett*, accounting decree, dated December 23, 1922.)

The inhibition of the statute is confined to trusts specifically designated. (*Matter of Bloodgood*, 184 App. Div. 798.) As the statute is in derogation of the common law, except as limited, beneficiaries can assign their income. (*First National Bank* v. *National Broadway Bank*, 156 N. Y. 459.)

I hold that section 15 of the Personal Property Law is applicable. The income from such a trust cannot be alienated. (*Matter of Flint*, 118 Misc. 354.) Income from such a trust can only be reached in equity, or by execution. (*Brearley School* v. *Ward*, 201 N. Y. 358; *Judis* v. *Martin*, 218 App. Div. 402, 406; *Hamilton* v. *Drogo*, 241 N. Y. 401; *Matter of Ungrich*, 201 id. 415; *Central Trust Co.* v. *Gaffney*, 157 App. Div. 501; 215 N. Y. 740; *Heise* v. *Wells*, 211 id. 1; *Matter of Bendit*, 214 App. Div. 446; *Matter of Wentworth*, 230 N. Y. 176.) The income of the trust due Harry subsequent to

Surrogate's Court, Westchester County, October, 1927.     [Vol. 130

August 24, 1926, should be paid to him, also the future income of the trust to the extent of one-third interest therein acquired through the will of the testator.

As to Ida's one-third share in the income:

Ida had died in 1917 leaving a will which gave her estate to Harry and the half-brother Stanley, share and share alike. The testator's will did not give the income over after the death of Harry, or Ida, in the lifetime of the widow. It remained undisposed of. (*Meldon* v. *Devlin*, 31 App. Div. 146; affd., 167 N. Y. 573.) The income did not pass to Ida's estate for there is no express provision in testator's will so providing. (*Dana* v. *Seibert*, 105 Misc. 67, 70, and cases cited.) Consequently, in my opinion, as Ida's income was not disposed of by the will, Ida having died before the remarriage of the widow, the income is payable to the person presumptively entitled to the next eventual estate. (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364.) At the time of the remarriage Harry and Stanley answered to that description. The Makley interest at the present time alone answers that description.

In *Manice* v. *Manice* (43 N. Y. 303) the expression "next eventual estate" was defined to mean the estate which "is to take effect upon the event which terminates the accumulation." In the instant case the persons who take under the Makley will are the persons presumptively entitled to the next eventual estate during the period in question, that is, when the income accrued (*Matter of Kohler*, 231 N. Y. 353, 376), even though the remainder might have ultimately gone elsewhere. (*Meldon* v. *Devlin*, *supra;* *Matter of Glass*, 126 Misc. 728; affd., 215 App. Div. 710.) The case of *United States Trust Company* v. *Soher* (178 N. Y. 442) is not applicable to the facts of the instant case. Neither is *West* v. *Burke* (219 N. Y. 7) in point.

The assignment by Harry and Stanley as takers under the will of the sister Ida was not subject to section 15 of the Personal Property Law, because Ida's share of the income did not pass under the will of the testator after her death. She could not devise or bequeath it by will, and Harry and Stanley did not become entitled to her one-third by virtue of her will. At her death there was no beneficiary of testator's will to " enforce the performance of a trust to receive the income." No one designated by the testator had a right to it. It passed by operation of law to the persons presumptively entitled to take the next eventual estate. Harry and Stanley became entitled to it, not as legatees under Ida's will, but " as the persons presumptively entitled to the next eventual .estate " under section 63 of the Real Property Law,

which is made applicable to personal property by section 11 of the Personal Property Law. (*Matter of Harteau*, 204 N. Y. 292; *Ransom* v. *Ransom*, 70 Misc. 30, 35, 36.)

By reason of the assignment from Harry and Stanley, John F. Makley became entitled to receive the one-third part of the income bequeathed under testator's will to Ida.

Submit decision and decree upon notice to counsel.