In the Matter of the Estate of HENRY HAFFEN, Deceased.

Surrogate's Court, Bronx County, June 8, 1935.

*Milbank, Tweed, Hope & Webb,* for the executors.

*William Lyman,* special guardian.

HENDERSON, S.   Among the testator's assets was a bond secured by a second mortgage upon real estate.   The mortgagors defaulted in payment of taxes and mortgage interest prior to the testator's death.   In the exercise of the executors' business judgment, they took a deed to the realty and released the mortgagors from liability on this bond.   The carrying charges, including alleged minor improvements, exceed the gross rents by the sum of $263.81.   The special guardian for incompetent and infant remaindermen, whose interests are contingent, objects to the allocation of this deficit to principal and contends that it should be supplied out of the net income from the productive assets of the trust.   No objection is made to the original transaction nor to the reasonableness or the necessity of the items.

Carrying charges of realty taken in the foreclosure of a mortgage held by the estate are payable out of principal for the time being, subject to adjustment upon liquidation of the account by the sale of such asset.   (*Matter of Ely,* N. Y. L. J. Nov. 3, 1933, p. 1608; *Matter of Myers,* 161 N. Y. Supp. 1111; *Matter of Marshall,* 43 Misc. 238, 245.)   The rule set forth in those decisions should be extended to include realty obtained in lieu of foreclosure, the payment of the excess of carrying charges over income from productive realty so

taken or obtained, and the application of subsequent net income from such realty to the adjustment between *cestui que trust* and remainderman.

I hold that the deficit was properly paid out of principal, subject to future adjustment from the income and proceeds of sale of this particular asset. (*Melden* v. *Devlin*, 31 App. Div. 146, 158; affd., 167 N. Y. 573; *Matter of Jackson*, 135 Misc. 329, 333; affd. as to other matters, 232 App. Div. 425; revd. as to other matters, 258 N. Y. 281; *Matter of Ely, supra; Matter of Myers, supra; Matter of Marshall, supra.*)

The objections are dismissed.

Settle decree.