In the Matter of the Application of George W. Olvany and Another, as Trustees under the Last Will and Testament of Antonin Chapal, Late of the County of Nassau, Deceased, for the Benefit of Francoise Naylor Hepworth, for Certain Instructions and for a Construction of the Last Will and Testament of Said Decedent. Claudia Chapal and Others, Substituted in Place of Francoise Chapal, Deceased, Substituted Appellants; George W. Olvany and Another, as Trustees under the Last Will and Testament of Antonin Chapal, Deceased, and Others,

Respondents.— The executors invested part of the principal in mortgages. Two of the mortgagors defaulted and the trustees, who succeeded to the mortgages, foreclosed and acquired the properties at the foreclosure sale. Since then the trustees have advanced all the carrying charges. The trustees asked for instructions as to what should be done with the proceeds in the event that the properties are sold. The surrogate directed that the proceeds should be apportioned between the principal and income. The general rule is that, as between the life tenant and the remaindermen, the former is required to pay the carrying charges, unless a contrary intention appears. (*Matter of Albertson*, 113 N. Y. 434; *Clarke* v. *Clarke*, 145 id. 476.) In our opinion the testator has not manifested such intention. He amply provided for the natural beneficiaries of his bounty. Although he died seized of substantial real property, he did not provide that the carrying charges of that property were to be paid out of principal. We do not believe that with respect to real property acquired as aforesaid by the trustees, and which represents only a minor part of his estate, he intended that the principal should be burdened with the carrying charges. If he had so intended it is reasonable to assume he would have expressly so provided, as he did with regard to securities purchased at a premium. Under the circumstances, we do not believe there should be a departure from the general rule that the carrying charges shall be paid out of income. (*Matter of Satterwhite*, 262 N. Y. 339; *Matter of Gary*, 261 id. 244; *Matter of Jackson*, 258 id. 281; *Furniss* v. *Cruikshank*, 230 id. 495; *Spencer* v. *Spencer*, 219 id. 459; *Lawrence* v. *Littlefield*, 215 id. 561; *Matter of Boyle*, 140 Misc. 523; *Matter of Marshall*, 136 id. 116; *Trust Co.* v. *Hall*, 5 Dem. 73.) The general rule does not apply where the carrying charges are incurred primarily, if not exclusively, to preserve the corpus and keep it intact for the benefit of the remaindermen, or where other special equities are involved which make it unjust to compel the income to bear the carrying charges. (*Matter of Pitney*, 113 App. Div. 845; *Meldon* v. *Devlin*, 31 id. 146; affd., 167 N. Y. 573; *Matter of Marshall*, 43 Misc. 238; *Matter of Menzie*, 54 id. 188; *Matter of Myers*, 161 N. Y. Supp. 1111; *Roosevelt* v. *Roosevelt*, 5 Redf. 264.) But that is not the situation here. Decree of the Surrogate's Court of Nassau county modified by eliminating the provision that " Upon the sale of any particular parcel the Trustees are directed to properly allocate as between principal and income the proceeds of such sale " and substituting therefor a provision that the proceeds shall be added to principal; and as so modified the decree, in so far as appealed from, is unanimously affirmed on the law, without costs. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.