# In the Matter of the Estate of MAX FISHBERG, Deceased.

Surrogate's Court, Bronx County, January 25, 1936.

*Herman W. Bernstein* [*Herman W. Bernstein* and *Lawrence M. Greene* on the brief], for Sol S. Hand, as trustee.

*Morris Abramson*, for Gertrude Fishberg Kravett and Anna Fishberg, beneficiaries.

HENDERSON, S. The trustee petitions for the judicial settlement of his account to which no objections have been filed, and for a construction of the decedent's will.

The testator made an absolute gift of one-half of his estate to his wife, and disposed of the residue in the following language:

" *Third.* I hereby direct that the rest, residue and remainder of my estate shall be divided into two (2) equal parts.

" *Fourth.* I give and bequeath to my trustee hereinafter named, one-half of the rest, residue and remainder of my estate, in trust, nevertheless, to invest and keep the same invested (with power to change investments) and to receive the income, rents and profits thereof, and to pay the income, rents and profits thereof, annually unto my beloved wife, Yetta Fishberg, until my daughter, Gertrude Fishberg attains thirty (30) years of age, and when my said daughter, Gertrude Fishberg attains (30) thirty years of age, the principal of said trust fund is to become the absolute property of my said daughter, Gertrude Fishberg.

" *Fifth.* I give and bequeath to my trustee hereinafter named, one-half of the rest, residue and remainder of my estate, in trust, nevertheless, to invest and keep the same invested (with power to change investments) and to receive the income, rents and profits thereof, and to pay the income, rents and profits thereof, annually unto my beloved wife, Yetta Fishberg, until my daughter, Anna Fishberg, attains thirty (30) years of age and when my said daughter, Anna Fishberg attains thirty (30) years of age, the principal of said trust fund is to become the absolute property of my said daughter, Anna Fishberg.

" *Sixth.* In the event that either of my said daughters marry before becoming entitled to the principal of the Trust hereinbefore created, I direct my Trustee hereinafter named, with the consent

of my beloved wife, Yetta Fishberg, may turn over to the daughter so marrying, one-half of the principal of the Trust hereinbefore created in her behalf, the remainder of the principal of the said Trust to be retained by my said Trustee, subject to the same disposition of income and principal as heretofore directed.

" *Seventh.* In the event that either of my said daughters, Gertrude Fishberg or Anna Fishberg, marries a person outside of the Jewish faith, the bequest heretofore made to her shall lapse, and in lieu of the provisions heretofore made for her, I hereby bequeath unto her the sum of One ($1.00) Dollar, which is to be her sole share in my estate. The share of either of my said daughters, marrying outside of the Jewish faith shall revert to and be paid to my beloved wife, Yetta Fishberg, and become her absolute property."

The widow died on September 21, 1935. Neither daughter is thirty. One married " in 1935." Her husband is of the Jewish faith. The other has never married.

I construe the will as declaratory of the testator's intent that the consent of his wife should be necessary only during that period in which an impairment of her income from either trust would follow any payment of principal which he expressly authorized. Her death, therefore, nullified the requirement that she consent to any payment of principal which might thereafter be made out of either trust.

The payment upon the marriage of either daughter is not discretionary with the trustee. Hence the married daughter is entitled absolutely to one-half of the principal of her trust. The fact that, after her marriage, the trustee was never directed to make any payment to her and was never informed as to whether or not her mother desired the making of any such payment, has no bearing upon the question. There is no evidence or intimation that the widow ever refused to consent to any payment, or that she was ever asked for such consent. The silence of the daughter may have been motivated by her regard for her mother's welfare or may have been due to her negligence or lack of actual knowledge of the testamentary provisions for her benefit. In any event, her previous inaction does not bar her from asserting her rights at this time.

The testator made no disposition of the income which might accrue between the death of his wife and the time when either trust would be entirely exhausted by the authorized or directed payments of principal. Such income is, therefore, payable to the respective remaindermen as owners of the next eventual estates. (Real Prop. Law, § 63; Pers. Prop. Law, § 11; *Matter of Kohler*, 231 N. Y. 353, 376.)

The other authorized payments of principal, either in whole or in part, may now be made at any time or times by the trustee in his sole discretion and without regard to the possibility that either daughter may have ample resources for her maintenance. His power to do so is not limited by any consideration of the circumstances of either daughter, but was subject only to the consent of the widow during her life. If the trustee file appropriate evidence of the exercise of such discretion, the decree may direct present payments in accordance therewith.

There is no possible inference from the will that the testator intended to absolutely withhold from either daughter the whole or any part of the principal of her trust until she attained the specified age, in the event that his wife died prior thereto. On the contrary, he provided that the trustee, in his discretion, could pay the entire principal of each trust to the remainderman thereof before she became thirty and before the death of his wife, if the latter consented thereto. To hold that neither trust can now be terminated at any time the trustee deems proper would violate the expressed intention of the testator. The statutes prohibiting the destruction of trusts to pay income to designated beneficiaries (Real Prop. Law, § 103; Pers. Prop. Law, § 15) do not bar the trustee from now terminating the trusts created in this will. These statutes were enacted to compel the carrying out of the intention of the person creating a trust — not to frustrate such intention. The testator expressly provided for complete as well as partial invasion at any time or times prior to the termination of the longest period he fixed as the duration of each trust. The trustee's power to terminate the trusts was lawfully given him by the testator and he may validly execute it in perfect accord with the testamentary intent. The only restriction upon the exercise of his testamentary authority has been removed by the widow's death. Furthermore, upon the death of the widow, who was the only person specified by the testator as a beneficiary of the income, the trusts ceased to be trusts to receive income and apply it to the use of any person, within the intendment of the above cited statutes. The statutory prohibition of any alienation of " the right of the beneficiary " has no application to the right of any beneficiary other than those specified by the creator of a trust as the recipients or beneficiaries of the trust income. Alienation of the right to trust income granted solely by statute and not by any direction of the creator of the trust, is not prohibited by the statutes. (*Matter of Daggett*, 130 Misc. 635, 638; *Ransom* v. *Ransom*, 70 id. 30, 36; revd. on other grounds, 147 App. Div. 835, 836, 852, but holding plaintiff entitled to the relief sought, to wit, that the assignment of both principal and

income be adjudged valid; Fowler Pers. Prop. Law of N. Y. [2d ed.] p. 89.) (See, also, *Matter of Van Hoesen*, 151 Misc. 617, 618–621.)

It is apparent that the testator's dominant purpose and his fundamental reason for creating the trusts were the welfare of his wife. There is no indication that the testator intended to create any trust for the education or support of his daughters or to give them any trust income. He gave no income to either of them. Their present right to the income is derived solely from the statutory grant (Real Prop. Law, § 63; Pers. Prop. Law, § 11), and not from any testamentary provision.

Although the trustee may now voluntarily terminate either or both trusts, neither daughter may compel him to do so, because of the testamentary provision to the effect that he may defer complete payment or any part payment of either trust until the remainderman thereof reaches the appointed age. It is immaterial whether the testator fixed that period as his measure of the widow's expectancy of life, or in contemplation of her then having reached an age when she might not require the income, or with a desire to limit the period within which either daughter might possibly be kept out of possession of her testamentary bounty, or with some other presently unascertainable intent.

There is no merit in the contention that the trusts are invalid because neither is measured by any life and may possibly continue beyond the period prescribed by statute (Real Prop. Law, § 42; Pers. Prop. Law, § 11). The rule has long been established that when the only provision for the duration of a trust is that it terminate at the time when a designated person attains a specified age, such provision should be construed to mean that the trust was to continue only until that person reaches such age or only until his prior death, and that the trust terminates upon the event which happens first. (*Sawyer* v. *Cubby*, 146 N. Y. 192, 197; *Schermerhorn* v. *Cotting*, 131 id. 48, 61; *Van Cott* v. *Prentice*, 104 id. 45, 56.) Neither trust estate can possibly extend beyond the life of its designated remainderman.

Each trust is valid and terminates when its remainderman attains the age of thirty years, or when such beneficiary dies prior to that time, or when the principal is sooner exhausted by the authorized invasions or the authorized payment in full.

Settle decree accordingly.