## In the Matter of the Estate of HENRY GLASS, Deceased.*

Surrogate's Court, New York County, November, 1925.

**Wills — construction — testator after creating trust fund under which widow and son were made equal beneficiaries directed that principal be paid to son when he became twenty-five years of age — widow's right to share ceased upon her death — son being presumptively entitled to next eventful estate under Real Property Law, § 63, should be paid widow's share of income since her death.**

A will in which testator, after creating a trust fund under which his widow and his son were made equal beneficiaries, directed that there be paid to said son when he attained the age of twenty-five years, the principal of said " trust fund and all of the unapplied income and profits thereof, which may have accumulated during his minority " should be construed as giving to said son upon the death of his mother, one-half of the income of the fund earned during the period from the date of his mother's death to the time when he became twenty-five years of age, for the reason that his mother's right to receive said share ceased upon her death and became payable to her son as the person presumptively entitled to the next eventful estate pursuant to section 63 of the Real Property Law.

PROCEEDING for an accounting which involves the construction of a will.

*Townsend & Guiterman,* for the trustees.

*Eisman, Lee, Corn & Lewine* [*Louis F. Lee* and *J. Lester Lewine* of counsel], for Rebecca G. Louis and another.

*Ralph H. Blum,* for Herbert I. Glass.

FOLEY, S. On this accounting a construction of the will of testator becomes necessary. The 20th paragraph thereof reads as follows:

" I give and bequeath to my executors and executrix hereinafter named preferred stock of Henry Glass & Co. a corporation, of the par value of Thirty-Three Thousand and Three Hundred ($33,300)

---

* Affd., 215 App. Div. 710.

Dollars, common stock of said Henry Glass & Co. of the par value of Seventy-seven Thousand, five hundred ($77,500.00) Dollars and the sum of Fourteen Thousand Two Hundred ($14,200.00) Dollars, *In Trust However*, to hold, invest and re-invest the same until my son Israel Herbert Glass shall attain the age of twenty-five (25) years, and during said time to collect the income and profits thereof, to use and apply said income and profits during his minority for his maintenance, education and support; to pay over the income and profits thereof from the time he reaches his majority until he attains the age of twenty-five (25) years, to him and to my wife in equal shares; and to pay over to him upon his attaining the age of twenty-five (25) years the principal of said trust fund and all of the unapplied income and profits thereof, which may have accumulated during his minority. If my said son shall die before attaining the age of twenty-five (25) years and leave issue him surviving, the principal of said trust fund and all unapplied, undistributed and accumulated income and profits thereof shall be paid to his surviving issue in equal shares. If said son die before attaining the age of twenty-five (25) years and without leaving issue him surviving, the principal of said trust fund together with all unapplied, undistributed and accumulated income and profits thereof shall be paid to my daughters, Rebecca Louis and Florence Herman, in equal shares, or to the issue of either or both of them who may have died leaving issue, *per stirpes* and not *per capita*."

The testator's widow, who was entitled to half the income of this trust, died on November 27, 1923. The other life tenant, Herbert I. Glass (described as Israel Herbert Glass in the will), reached the age of twenty-five on November 6, 1924. The question involved here concerns the proper distribution of one-half of the income of the trust fund earned during the period from the death of the widow to Herbert's attainment of twenty-five years of age. This income amounts to the sum of $9,537.90. This sum is claimed by Herbert I. Glass individually as the person presumptively entitled to the next eventual estate. The two sisters of Herbert I. Glass claim that this income should be distributed to the three children of testator, who are his only next of kin.

In my opinion this amount is properly payable to Herbert I. Glass. It was income not validly disposed of under the will, as the right of the widow to receive the income ceased upon her death. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Delafield* v. *Shipman*, 103 id. 463.) It is payable, therefore, to the person presumptively entitled to the next eventual estate. (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364.)

Herbert I. Glass alone answers that description. Although the remainder has now vested in possession in him, counsel for the sisters of Herbert I. Glass base their claim principally on the fact that until reaching the age of twenty-five his remainder interest was contingent, and that under these circumstances it would be impossible for the court to determine who was presumptively entitled to the next eventual estate. The principal cases cited in support of this contention are: *United States Trust Co.* v. *Soher* (178 N. Y. 442) and *St. John* v. *Andrews Institute for Girls* (191 id. 254). These cases are not applicable. In the former case the two sons each had a cross-remainder limited *on the life of the other*, which was plainly contingent, and in the absence of issue who were to take the remainder in the first instance, the court was justified in finding that there was no one at that time presumptively entitled to the next eventual estate. In the latter case the corporation which would have been ordinarily entitled to the income was not in existence at the time the income accrued. In *Manice* v. *Manice* (43 N. Y. 303) the expression "next eventual estate" was defined to mean the estate which is to take effect upon the event which terminates the accumulation. In the instant case Herbert I. Glass was the person *presumptively entitled* to the next eventual estate during the period in question, that is, when the income accrued (*Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Schettler* v. *Smith*, 41 id. 328; *Matter of Kohler*, 231 id. 353; *Pray* v. *Hegeman*, 92 id. 508), even though the remainder might have ultimately gone elsewhere. (*Meldon* v. *Devlin*, 31 App. Div. 146.)

Tax costs and settle decree on notice accordingly.