In the Matter of the Estate of WILLIAM H. REESE, Deceased.

Surrogate's Court, Jefferson County, December 19, 1931.

*John H. O'Brien,* for the Northern New York Trust Company, the trustee.

*Joseph Atwell,* for the House of the Good Samaritan and the Jefferson County Orphan Asylum.

GRANT, S.  The construction of the 7th paragraph of testator's will is sought.  The said paragraph is as follows:

" *Seventh.* I give and bequeath to my executor hereinafter named the sum of One Thousand Dollars ($1000.00) in trust, however, for the following purposes, viz: To invest the same and keep the same invested in some good interest bearing security or securities, for and during the life of the present wife of Milton P. Reese, son of Evelin P. Reese, and upon the death of the said wife of the said Milton P. Reese, to pay over to the said Milton P. Reese, the said sum of One Thousand Dollars ($1000.00) with all accumulations of interest thereon, and in the event of the death of the said Milton P. Reese prior to the death of his said wife, then said sum of One thousand dollars ($1000.00) together with all accumulations of interest thereon to be divided between The House of the Good Samaritan of Watertown, New York, and The Jefferson County

Orphan Asylum of Watertown, New York, equally share and share alike."

The Northern New York Trust Company was named as executor and trustee, qualified and has been and is acting as such. Milton P. Reese died December 1, 1930, and Rose B. Reese, referred to in the 7th paragraph of the will as " the present wife of Milton P. Reese," died January 9, 1931. No part of the income or principal of the trust fund has been paid out and the trustee now has on hand in the trust fund the $1,000 principal and $940.35 income. The residuary legatees named in the will are, with some conditions, the same as named in said paragraph 7. The trustee asks for the construction or interpretation of the will (1) as to the validity of the trust provision as to principal; (2) as to the validity of the trust provision as to the accumulation of income, and (3) for instructions as to whom the trust fund shall be paid.

The intention of the testator seems to be clear. He directs that the $1,000 which he establishes as the principal of the trust fund be invested and kept invested " in some good interest bearing security or securities, for and during the life of the present wife of Milton P. Reese, son of Evelin P. Reese; " and that upon her death the principal and all accumulations of interest or income thereon be paid to Milton P. Reese, if he be then living, and if he then be not living, to the House of the Good Samaritan and the Jefferson County Orphan Asylum, share and share alike. The term of the trust is limited to the life of " the present wife of Milton P. Reese," who was Rose B. Reese. The testator directs that it terminate upon her death and that the principal and interest or income be then paid over. It could not possibly extend beyond the life of one person in being at testator's death and, therefore, could not suspend the absolute power of alienation beyond the period authorized by section 11 of the Personal Property Law (as amd. by Laws of 1929, chap. 229) which provides as follows: " The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator; * * *. In other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property." The testator does not direct the payment of the income to any one during the trust term. He does not in so many words direct that it be not paid to any one during the trust term. But he does direct

that at the termination of the trust the principal, together " with all accumulations of interest thereon," be paid to Milton P. Reese, if he be living, and if he be not living, then to the House of the Good Samaritan and to the Jefferson County Orphan Asylum, share and share alike. That is equivalent to directing the accumulation of the interest or income during and until the end of the trust term. If that was his intention he was directing an unlawful accumulation, an accumulation which was not within the provisions of section 16 of the Personal Property Law (as amd. by Laws of 1928, chap. 172), was not limited to any minority, and is, therefore, void. (*Kalish* v. *Kalish*, 166 N. Y. 368, 373.) If he did not intend to direct the accumulation of the income until the termination of the trust he made no provision or attempted provision for the disposition of it. In either event the income is wholly undisposed of by the testator. So the intent of the statute takes the place of the intent of the testator and controls. As RAPALLO, J., said in *Manice* v. *Manice* (43 N. Y. 303, 384): " The intent of the statute, and not of the testator, must govern the disposition of the undisposed of fund."

Again the testator directs that upon the death of the wife of Milton P. Reese the trust terminate and the fund and its accumulations be paid to him, provided he is then living. Milton was thus given an estate in expectancy. This estate in expectancy was a future estate. It could not vest in possession until his wife's death. Section 100 of the Real Property Law, made applicable by section 11 of the Personal Property Law, provides that " except as otherwise prescribed in this chapter, an express trust, valid as such in its creation, shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiary shall not take any legal estate or interest in the property, but may enforce the performance of the trust." The legal title was then in the trustee during the period of the trust and it was only upon the termination of the trust that the interest of Milton P. Reese could vest in possession. (*Wright* v. *Wright*, 225 N. Y. 329.) In the *Wright* case, so far as is here applicable, the testator in his will provided as follows: " My executors and trustees shall hold the remaining one-third part of my residuary estate in trust to receive the rents, issues and profits thereof during the life of my said sister [duly designated in the will] and to pay the same to her or in case of her incapacity to apply the same for her personal and exclusive use, and after her death either after, before or with me, to pay or apply such income and principal as follows: [and then after various specific bequests] (g.) I direct my executors and trustees to pay and deliver to the Washington Heights Library, in the City of New York, upon the

condition that it shall be maintained at all times as a free circulating library, the sum of one hundred thousand dollars." It was claimed that this bequest vested on the testator's death and " that payment of it was only postponed until the death of the life beneficiary." It was held that the legacy did not so vest. Hiscock, Ch. J. (at p. 336) says: " There are in the will no words or provisions which directly or indirectly import a present or vested gift or which indicate such an intent. The testamentary disposition is to the trustees in trust to collect the rents, issues and profits of this portion of the residuary estate during the life of the testator's sister and to pay the same to her and ' after her death either after, before or with me to pay or apply such income and principal as follows,' and then after after other clauses the direction to the executors and trustees is to pay and deliver to the library as already indicated. Under these circumstances we have the simple case, free from complications, where there is no gift but by direction to trustees to pay at a future time, and in such a case it is perfectly well settled that the legacy will not vest in the beneficiary until the time for payment arrives. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 N. Y. 92, 109; *Delafield* v. *Shipman*, 103 N. Y. 463; *Shipman* v. *Rollins*, 98 N. Y. 311; *Rudd* v. *Cornell*, 171 N. Y. 114.) "

In the case at bar we have precisely the same situation. There is no gift but by direction to the trustees to pay at a future time to Milton P. Reese if he shall then be living. There is nothing in the language used by the testator which directly or indirectly imports a present or vested gift or which indicates such an intent. The estate or interest of Milton P. Reese was contingent. He might not survive his wife and in that event upon her death the trust would terminate and the trust fund would be paid to the two above-named institutions. But when the testator died, Milton P. Reese was living and he continued to live until December 1, 1930. Had he continued to live until his wife's death, his contingent future estate would have vested in possession and he would have been the absolute owner of the corpus of the trust. He was, then, until his death the presumptive owner of the next eventual estate, which is defined in *Manice* v. *Manice* (*supra*) to mean the estate " which is to take effect upon the happening of the event which terminates the accumulation." In *Matter of Kohler* (231 N. Y. 353, at p. 376) Chase, J., says: " The persons presumptively entitled to the next eventual estate are those who are entitled to the estate which is to take effect at the end of the period during which the rents and profits are undisposed of, or are invalidly accumulated. (*Matter of Harteau*, 204 N. Y. 292; *St. John* v. *Andrews Institute for Girls*, 191 N. Y. 254; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.) "

The next eventual estate may not be the same as the ultimate estate. RAPALLO, J., in the *Manice Case* (*supra*) says that the statute hereinafter mentioned and quoted refers not to the ultimate but to the next eventual estate. In *Matter of Glass* (126 Misc. 728; affd., 215 App. Div. 710) it was held that the person presumptively entitled to the next eventual estate was the person so entitled at the time the income accrued, even though the remainder or corpus of the estate, by reason of subsequent events, ultimately might have gone elsewhere. Milton P. Reese died before his wife and the corpus of the estate upon her death subsequent to his death vested in possession elsewhere. But while he lived he was presumptively the owner of the next eventual estate. Then as to the trust property the absolute power of alienation, or of the ownership, was suspended by or in consequence of a valid limitation of an expectant, or contingent future estate, during the continuance of which the income was undisposed of and no valid direction for its accumulation given. That was directly within section 63 of the Real Property Law (as amd. by Laws of 1916, chap. 364; formerly Real Property Law of 1896 [Laws of 1896, chap. 547], § 53; and formerly 1 R. S. pt. 2, chap. 1, tit. 2, § 40) which provides as follows: " When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." Section 63 (as amd. by Laws of 1916, chap. 364) applies to the income of a trust of personal property by virtue of section 11 of the Personal Property Law.

It follows that Milton P. Reese, as the presumptive owner of the next eventual estate from the inception of the trust until his death, was entitled to the trust's income which accrued during that period. (*Manice* v. *Manice*, 43 N. Y. 303; *Delafield* v. *Shipman*, 103 id. 463; *Cook* v. *Lowry*, 95 id. 103; *Matter of Ossman* v. *Von Roemer*, 221 id. 381; *Gilman* v. *Reddington*, 24 id. 9; *Matter of Harteau*, 204 id. 292; *Cochrane* v. *Schell*, 140 id. 516; *Matter of Kohler*, 231 id. 353; *Matter of Glass*, 126 Misc. 728; affd., 215 App. Div. 710; *Young* v. *Barker*, 141 id. 801; *Matter of Viele*, 35 id. 211; *Gould* v. *Rutherfurd*, 79 Hun, 280; *Matter of Daggett*, 130 Misc. 635.) The same should be paid to his estate. To hold otherwise would be to give validity to the unlawful accumulation directed by the testator and to nullify the statute. The income, if any, which has accrued since his death on December 1, 1930, together with the principal

of the trust fund should be paid to the House of the Good Samaritan and to the Jefferson County Orphan Asylum, share and share alike. The trust provision is valid as to the principal, invalid as to the accumulation of income and the principal and income are payable as above stated.

Submit decree accordingly.