In the Matter of the Estate of FRANCES A. JACOBS, Deceased.

Surrogate's Court, Delaware County, February 3, 1934.

*Wingate & Cullen*, for the trustee.

*Flaesch & Lathan*, for Ruth Jacobs and another.

*Frank L. Gibbons*, special guardian for Clara Augusta Traver.

O'CONNOR, S.   The petitioner, The National City Bank of New York, as trustee under the last will and testament of Frances A. Jacobs, deceased, has filed a petition asking the court to construe the eighth paragraph of the will of Frances A. Jacobs, which reads as follows:

" *Eighth*. I bequeath to my executors hereinafter named in trust, the sum of three thousand dollars ($3000.00) to be expended for a college course in Vassar or Wellesley College or a college of equal standing for my granddaughter Ruth and for her proper and reasonable expenses in taking such course, to be paid to her or for such expenses, in the discretion of said executors, and at such times and in such manner as in their judgment shall be proper and for her best interests and in case she shall refuse to take such course before she arrives at the age of twenty-five years or is unable to do so I bequeath the said sum of Three thousand dollars to Clara Augusta Traver or in case of her death to Bertha I. Traver's youngest child living at the time of the failure of my said grand-child to take such college course.   All interest upon such fund to be treated and disposed of as part of the principal of said fund."

Ruth Jacobs is now twenty-two years of age, has not as yet taken any course of instruction in Vassar College or Wellesley College, or any other college.   She requests that she be allowed to take a course in dietetics in Pratt Institute at Brooklyn, N. Y., and that the trustee pay her the said sum of $3,000 and accumulations, if any, as provided in said eighth paragraph of said will.

The special guardian for Clara Augusta Traver contends that

Pratt Institute is not a college of equal standing with Vassar College or Wellesley College within the meaning of the provisions of the eighth paragraph of said will, and that if the said Ruth Jacobs takes a course in that institution she will not be complying with the conditions of said eighth paragraph and will not be entitled to the benefit of said bequest.

The first question raised by Ruth Jacobs and William H. Jacobs is that the trust created by the eighth clause of the will is void because an illegal accumulation of income is provided for therein. This contention is based upon that part of said eighth paragraph which reads as follows: " All interest upon such fund to be treated and disposed of as part of the principal of said fund." Section 16 of the Personal Property Law provides that accumulation of income can be made during the minority of an infant but is void to the extent it is attempted to be made beyond that period, and that an accumulation cannot be made for any definite length of time unless it is measured by a minority and for the benefit of the infant. This clause provides for the accumulation of income after said Ruth Jacobs becomes twenty-one years of age; she is now of the age of twenty-two, and has not as yet complied with the conditions of said bequest, and said accumulation is void to the extent of any accumulation after she became twenty-one. As soon as Ruth Jacobs starts taking a course in Vassar or Wellesley or a college of equal standing, then she would be entitled to be paid any income received from said trust fund, which would be paid to her together with the principal of the trust, and there would naturally be no accumulation. In so far as this paragraph directs the accumulation of the income from such fund after Ruth Jacobs became twenty-one years of age, it is separable from the rest of the trust and does not render void the other trust created by the eighth paragraph of the will. It is clear that the void provision here can be eliminated without altering the purpose of the testatrix, and that being so the court should adopt such a construction. (*Matter of Colegrove*, 221 N. Y. 455; *Kalish* v. *Kalish*, 166 id. 368; *Pray* v. *Hegeman*, 92 id. 508; *Appell* v. *Appell*, 177 App. Div. 570; affd., 221 N. Y. 602; *Mann-Vynne* v. *Equitable Trust Co.*, 201 App. Div. 149.)

Therefore, any accumulation of income after said Ruth Jacobs became twenty-one years of age and up to the time she complies with the terms of said will should be paid to the person entitled to the next eventual estate. (Real Prop. Law, § 63; Pers. Prop. Law, § 11; *Matter of Kohler*, 231 N. Y. 353, at pp. 374 and 375.)

Ruth Jacobs contends that she and her father being residuary legatees are the persons entitled to this accumulation, and the special guardian claims that Clara Augusta Traver is entitled to it,

because she is given the $3,000 if Ruth Jacobs is not entitled thereto.

In *Matter of Kohler* (231 N. Y. 353, at p. 376) CHASE, J., says: " The persons presumptively entitled to the next eventual estate are those who are entitled to the estate which is to take effect at the end of the period during which the rents and profits are undisposed of, or are invalidly accumulated. (*Matter of Harteau*, 204 N. Y. 292; *St. John* v. *Andrews Institute for Girls*, 191 N. Y. 254; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.)"

Clara Augusta Traver is the person who answers this description, for in case Ruth Jacobs does not comply with the provisions of the eighth paragraph of the will so as to entitle her to be paid the sum of $3,000 for her education, this sum is bequeathed absolutely to Clara Augusta Traver, or in case of her death to Bertha I. Traver's youngest child living at the time of the failure of the said Ruth Jacobs to take such college course. *Matter of Reese* (142 Misc. 697) is directly in point on this question and is supported by the authorities therein cited by the surrogate writing the opinion. It is there held: " On this proceeding for the construction of decedent's will, it appears that after giving $1,000 in trust for the life of the wife of his son, decedent directed that on her death the principal and the accumulations thereon should be paid to the son, if living, and, if dead, the sum was to be paid to two charitable institutions, share and share alike.

" The son, as the presumptive owner of the next eventual estate, under section 63 of the Real Property Law, was entitled to the trust income accruing from the inception of the trust to his death. Under the circumstances, the income accruing during that time must be paid to his estate but the income accruing since his death, together with the principal, is payable to the two charitable institutions."

It, therefore, follows that Clara Augusta Traver is entitled to the income from the said trust fund from the time that Ruth Jacobs became twenty-one years of age until she becomes entitled to the payment of the principal of said trust fund or until she is twenty-five years of age. In case of the death of said Clara Augusta Traver before that time, the income from then on shall be paid to the youngest child living of Bertha I. Traver. If, however, Ruth Jacobs shall not have complied with the provisions of said paragraph, when she arrives at the age of twenty-five there will be no further accumulations, as the entire estate would vest in Clara Augusta Traver or the youngest living child of Bertha I. Traver.

The more serious question arises as to whether or not Ruth Jacobs by taking a course in Pratt Institute in dietetics is complying with the terms of the eighth paragraph of the will so as to enable the trustee to pay to her the $3,000 therein bequeathed to the executors

in trust to be expended for a college course in Vassar College or Wellesley College or a college of equal standing. It is the contention of Miss Jacobs that her taking such a course would authorize the executor to expend said sum of $3,000 for her expenses, while Clara Augusta Traver insists that Pratt Institute is not a college within the meaning of the term as used by the testatrix and, therefore, the trustee would not be authorized to use said trust fund to defray the expenses of said Ruth Jacobs at Pratt Institute.

It is not necessary to repeat the rules of construction which are so often quoted to the effect that the intention of the testator must be sought and should prevail wherever possible, and it is only when the language used is ambiguous,. equivocal or open to two or more constructions that the court is authorized to undertake a construction of the will. It is apparent from the will itself that it is the intent of the testator to provide for the education of Ruth Jacobs in an institution of a higher grade than high school and one of high standing. The question, therefore, resolves itself into whether Pratt Institute comes within the meaning of the term " college of equal standing " as used by the testatrix. The special guardian insists that the term ". college " as used by the testatrix was meant to designate an institution of learning which offers instruction in liberal arts and sciences and possesses the right to confer degrees and does not include the technical arts or those studies preparatory to admission to the professions. If this be true, then, if Miss Jacobs were to take a course in a college of medicine, law or other profession, the trustee would not be authorized to expend the trust fund to defray her expenses in such an institution. The Century Dictionary while defining the word " college " the same as that given by the special guardian, also defines it as " An institution for special or professional instruction as in medicine, pharmacy, agriculture or music." It was the intention of the testatrix to provide educational facilities for her grandchild, Ruth Jacobs. While the court is not authorized to adopt a construction which is strained, nor to make a new will for the decedent, yet it should be liberal in its construction of the terms employed by the testatrix. It should adopt such a construction as will permit the preference indicated by her in her said will to be carried out and not, by a strict interpretation of the language used, permit her intent to be thwarted and the funds paid over to the secondary object of her bounty. As has been said, the court has no power to make a will for the testatrix, but when once satisfied of her intent, it has a wide latitude in the construction which it may place upon the language of the document in order that the intent of the testatrix may be carried out.

According to the catalogue of Pratt Institute submitted to the court, that institution requires candidates for admission to the course of dietetics to have completed satisfactorily a four-year course in a high school of good standing or the equivalent of such a course. While it appears from the evidence taken that Ruth Jacobs has not completed a four-year course in a high school of good standing, yet she has completed two years of high school work and the director of Pratt Institute indicates that she could be admitted by reason of her practical experience in chemistry and analysis in her father's drug store at Sidney Center.

Pratt Institute is recognized as an institution of high requirement and standing and a graduate from that institution receives recognition, in the courses in which it furnishes instruction, equal to that of a graduate from either Wellesley or Vassar.

While sympathy should not and does not influence the court in construing the terms of this will, yet the fact that Miss Jacobs is suffering from a physical handicap caused by an attack of infantile paralysis in infancy and a subsequent attack of influenza, is all the more reason why she should receive the benefit of the legacy left to her, if she can comply with the conditions upon which the bequest is made, as it would enable her to earn a livelihood when otherwise she might not be able to do so. The course in dietetics, which she proposes to take, now requires two years of instruction, but, according to the evidence, Pratt Institute is arranging to add additional subjects and give additional instruction in connection with this course so as to require four years to complete the same. On her graduation from such a course she will be fitted for a position as technician in a doctor's office, hospital dietician, social service nutrition worker or for private practice as a dietician.

Under a liberal construction of the language employed by the testatrix, which we believe is warranted in this case, if Miss Jacobs can procure admission to Pratt Institute and take a four-year course in dietetics, we believe she will be complying with the intent of the testatrix as expressed in the eighth paragraph of her will and that the trustee is warranted in expending for her proper and reasonable expenses in taking such a course said sum of $3,000 and the income therefrom or such part thereof as in their judgment is proper and for her best interests as provided in the eighth paragraph of said will.

Any income or profit received by them in connection with the said fund, after said Ruth Jacobs became twenty-one years of age, and before her entering Pratt Institute, shall be paid to Clara Augusta Traver, as such accumulation is invalid and should go to the person entitled to the next eventual estate.

A decree may be prepared accordingly.