In the Matter of the Estate of Frances A. Jacobs, Deceased.

Surrogate's Court, Delaware County, April 20, 1936.

*Frank Gibbons*, for Clara Augusta Traver.

*Flaesch & Latham*, for Ruth Jacobs.

O'CONNOR, S. This is an application by Ruth Jacobs for an allowance by the surrogate of costs on an appeal to the Court of Appeals and that the decree to be entered contain a direction that all costs allowed and to be allowed be paid from the principal of the trust fund in question.

The National City Bank of New York, as trustee under the will of Frances A. Jacobs, late of the county of Delaware, N. Y., deceased, petitioned the Surrogate's Court for a construction of the eighth paragraph of said will. In the eighth paragraph she bequeathed to her executors the sum of $3,000, " to be expended for a college course in Vassar or Wellesley College or a college of equal standing for my granddaughter Ruth and for proper and reasonable expenses in taking such course, to be paid to her or for such expenses, in the discretion of said executors, and at such times and in such manner as in their judgment shall be proper and for her best interests and in case she shall refuse to take such course before she arrives at the age of twenty-five years or is unable to do so I bequeath the said sum of three thousand dollars to Clara Augusta Traver or in case of her death to Bertha I. Traver's youngest child living at the time of the failure of my said grandchild to take such college course. All interest upon such fund to be treated and disposed of as part of the principal of said fund."

This court construed said will and decreed that the accumulation of the income after said Ruth Jacobs became twenty-one years of age was void to the extent that it had accrued and might thereafter accrue after she became twenty-one years of age, and that any accumulation of income after Ruth Jacobs became twenty-one years of age and up until the time she complied with the terms of said will should be paid to Clara Augusta Traver as the person presumedly entitled to the next eventual estate, or, in case of her death, to Bertha I. Traver's youngest child; that if said Ruth Jacobs complied with the terms of said will and commenced a course in Vassar, Wellesley or a college of equal standing, she be paid any income received from said trust fund provided for by the eighth paragraph of said will as said income accrues, and also that said trustee was authorized to expend said fund for a four-year course in dietetics for said Ruth Jacobs in Pratt Institute, Brooklyn, N. Y. (*Matter of Jacobs,* 150 Misc. 381.)

Frank Gibbons, as special guardian for Clara Augusta Traver, appealed from the decision of said surrogate to the Appellate Division, and that court reversed the decree on the law and the facts, with costs to both parties payable out of the fund, in so far as it authorized the trustee to expend the fund for a four-year course for Ruth Jacobs in Pratt Institute, and held that as Ruth Jacobs did not and could not qualify as a beneficiary under the eighth clause of the will, the provisions in the clause in favor of Clara A. Traver were operative. (*Matter of Jacobs,* 244 App. Div. 161.)

Ruth Jacobs appealed from the decision of the Appellate Division to the Court of Appeals which modified the order of the Appellate Division by striking out that portion thereof which directs the payment of the principal to Clara A. Traver before Ruth Jacobs arrives at the age of twenty-five years and by directing that the income on the principal be paid to Ruth Jacobs until she arrives at the age of twenty-five years, and as so modified affirmed the order of the Appellate Division, without costs. (*Matter of Jacobs,* 269 N. Y. 588.)

Ruth Jacobs is now asking that the surrogate make an allowance of costs and disbursements to her upon her appeal to the Court of Appeals and asserts that the surrogate has power to make such an allowance under the last paragraph of section 278 of the Surrogate's Court Act, which, as amended on September 1, 1935, reads as follows: " When the decree is made in a proceeding to construe a will, or after appeal, in such a proceeding, pursuant to the direction of the appellate court, the surrogate may, in his discretion, allow to an executor, trustee, guardian, or any party

to said proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding or on such appeal, and the decree may direct payment to the attorney for whose services such allowance is made."

The last paragraph of section 278 was added in 1928. Prior to that, where the appellate court failed or refused to make a direction awarding costs, the surrogate had no power so to do, and the only costs that the surrogate could allow was in the proceedings in his court. (*Matter of McEchron,* 55 App. Div. 147; *Trustees of Presbytery of New York* v. *Westminister Presbyterian Church,* 223 N. Y. 586.) The last paragraph now permits the surrogate to make an allowance for counsel fees and other expenses on the appeal.

The question here is whether, when the Court of Appeals modified the order of the Appellate Division, without costs, the surrogate may make an allowance on such appeal.

Had the Court of Appeals remitted the proceeding to the surrogate to make a decree according to their decision without awarding or denying costs, the surrogate would have been authorized, in his discretion, to allow to either party here costs and disbursements on the appeal to the Court of Appeals. But where, as here, the order of the Court of Appeals is that the order of the Appellate Division be affirmed as modified without costs, it certainly cannot be that it was the intention of the Legislature by section 278 of the Surrogate's Court Act to authorize and empower the surrogate to award costs to any party.

Counsel for Ruth Jacobs calls our attention to *Matter of Reimers* (264 N. Y. 62), but that case is not in point. There the Court of Appeals reversed an order of the Appellate Division striking from the decree of the Surrogate's Court admitting a will to probate an allowance to executors of a former will who had been unsuccessful contestants, with costs in the Court of Appeals to all parties filing briefs, and denied a motion to amend the remittitur so as to grant costs in the Appellate Division. The Court of Appeals held that this did not preclude the Surrogate's Court, under section 278 of the Surrogate's Court Act, from making an allowance for counsel fee and other expenses incurred on the appeal to the Appellate Division. This case does not hold that the surrogate can award costs on the appeal to the Court of Appeals when that court directs an affirmance, reversal or modification, without costs. It simply holds that where the order of the Appellate Division is reversed the surrogate may, in his discretion, allow such sum as he deems reasonable for counsel fees and other expenses necessarily incurred on such appeal to the Appellate Division to an executor, trustee, guardian or any party to said proceeding.

In this proceeding costs of appeal from the Surrogate's Court to the Appellate Division were allowed by that court to William H. Jacobs and Ruth Jacobs and also to Clara A. Traver and the decree carrying out the direction of the Appellate Division was entered in Surrogate's Court prior to the amendment of section 278 of the Surrogate's Court Act. Therefore, the question of allowance of costs in the Appellate Division is not here.

The Legislature never intended to give the surrogate power to overrule the decision of the Court of Appeals that a party was not entitled to costs in that court. If it fails to award costs the surrogate can in his discretion make the award. If it denies costs or awards costs, the decree of the surrogate must award or disallow costs as directed by the appellate court. No other construction of the statute seems reasonable or possible.

The decree made by the surrogate in this matter directed that the allowances to the attorneys in the proceeding in Surrogate's Court be paid out of the funds in the hands of the trustee. The order of the Appellate Division directed that the decree of the surrogate be reversed, with costs to both parties payable out of the funds in the hands of the trustee. The attorney for Clara A. Traver insists that the surrogate should, in his discretion, either direct that these costs be paid out of the income from the trust fund or that they be assessed *pro rata* against the principal and the income, for the reason that, after the decree had been made in Surrogate's Court, the trustee was not interested in the appeal or the outcome thereof, and that the contest was between the two parties as to which should have the income from the estate.

The order of the Court of Appeals directs that the income on the principal be paid to Ruth Jacobs until she arrives at the age of twenty-five years. As a general rule the allowance for costs and disbursements made by the surrogate and the appellate court are payable out of the principal sum although the surrogate, in his discretion, can apportion them between the corpus and the income. (*Woodruff* v. *N. Y., Lake Erie & W. R. R. Co.*, 129 N. Y. 27; *Matter of Petremont*, 213 App. Div. 318; *Chisolm* v. *Hamersley*, 114 id. 565.) The attorney for Miss Traver concedes that the allowance made by the surrogate on the proceedings in that court was properly chargeable against the principal fund as the determination of the surrogate aided the trustee by construing the eighth paragraph of the will. The Court of Appeals having affirmed the order of the Appellate Division, without costs, the only costs that would remain to be provided for would be those in the Appellate Division. In order to obtain the income it was necessary for Ruth Jacobs to appeal to the Court of Appeals in which court no costs have been

or will be allowed and, therefore, each party will have to pay their own costs. Under these circumstances there is no reason for the surrogate in his discretion to direct that the costs be apportioned.

The attorney for Miss Traver argues that if the costs are paid out of the principal fund it will be unjust to his client because the trustee has invested the fund in a participation mortgage certificate and it may have to sell the mortgage certificate and reinvest the funds. If this be so it is a situation created by the trustee, and Ruth Jacobs should not be penalized on account thereof. Under the decision of the Court of Appeals, she is entitled to the payment of the income until she arrives at the age of twenty-five years, and that income should not be depleted by directing that the costs and disbursements of the respective parties or any part thereof in Surrogate's Court and on appeal be paid therefrom. (*Matter of Petremont, supra.*)

The motion of the attorneys for Ruth Jacobs for allowance of costs and disbursements on the appeal to the Court of Appeals is denied on the ground the surrogate has not authority to make such an allowance. The trustee is directed to pay the allowances for costs and disbursements in the proceeding in Surrogate's Court and in the Appellate Division out of the principal fund of the estate and is directed to pay all the income from the trust fund, from the time the trust fund was created up to the present time, to Ruth Jacobs and continue to pay such income to her until she arrives at the age of twenty-five years.

A decree may be prepared and settled on five days' notice.