S. Samuel Di Falco, S.
The trustee in this proceeding to settle its intermediate account seeks a construction of the decedent’s will that will destroy what appears to be a limitation on the amount of income that may be paid to the decedent’s sons, the life beneficiaries of the trusts created under his will. That the intent of the testator must be ascertained from a reading of the entire will is a principal of law too well established to require extensive discussion (Matter of Evans, 234 N. Y. 42; Fell v. McCready, 236 App. Div. 390, affd. 263 N. Y. 602; Matter of Upjohn, 304 N. Y. 366). In the case at bar, a reading of the entire will discloses that the testator’s paramount concern was for his two sons. After making bequests totaling less than *278 $7,000, testator, by paragraph eighth of his will, gave his residuary estate to his trustee to be held in equal separate trusts for the benefit of his two sons during their respective lifetimes. The language directing the payment of income which requires interpretation reads as follows: “ the trustee shall pay to my son, Frederick E. Brown, Jr., for his life the annual income in quarterly payments, the annual payment to amount to One Thousand Dollars ($1,000), it being the intention that should the annual income not reach the sum of One Thousand Dollars ($1,000) per year, the deficit shall be paid out of the principal until said entire half the corpus shall be exhausted.” The identical provision is made with respect to the trust created for the testator’s son, James Dockery Brown.
The testator’s first direction was to pay out of each trust to each son the annual income in quarterly payments. The phrase following which provides for an annual payment of $1,000 must be read in conjunction with a direction to his trustee to pay at least $1,000 per annum to each son by supplying the deficit in income out of principal. Thus read it becomes apparent that it was not the testator’s intent to place a ceiling on the amount of income to be paid to each of his sons but rather to set forth the minimum amount be be paid annually and to limit the possible annual invasion of principal. This conclusion as to the testator’s intent is strengthened by the fact that the testator, who was a man of comparatively modest means, contemplated and recognized that the income produced by the trusts might not be sufficient and that the trusts created by him for his sons might be exhausted during their respective lifetimes. This construction does not conflict with the clause found later in the decedent’s will which provides that upon the death of one son the balance of corpus remaining in the deceased son’s trust should be added to the surviving son’s trust, although the testator in such paragraph provided as follows: “ It being the intention that such increase in the corpus shall not effect an increase of the annual payment.” The annual payment here referred to by the testator is the minimum sum of $1,000 which was to be paid to each son annually. It was the testator’s intent that even though additional funds be added to the surviving son’s trust, the said surviving son should not have the benefit of an invasion of the principal if the income from the trust exceeded $1,000.
The courts of this State have, wherever possible, sought to avoid intestacy. Placing any other construction on the testator’s words would result in intestacy as to the income in excess of $1,000 which is now being produced by each of the trusts created *279 by the testator for his sons. As stated in Matter of Gallien (247 N. Y. 195, 200) “ if two or more constructions are reasonably possible, the one that will sustain the validity of the will is to be preferred, generally speaking, to the one that will defeat it ’ ’. Intestacy in the case at bar would result in the distribution of the income exceeding $1,000 to the persons presumptively entitled to the next eventual estate. (Real Property Law, § 63; Matter of Harteau, 204 N. Y. 292.) In view of the obvious concern of the testator for the welfare of his two sons, the court finds that it was the testator’s intent to place no limitation on the amount of income to be paid to his sons out of the trusts created for them and that the limitation made by the testator applies only to the minimum to be paid annually and the extent to which principal may be invaded.
Submit decree on notice or consent construing the will and settling the trustee’s intermediate account accordingly.