Joseph A. Cox, S.
This testator directed that his residuary estate be divided into two equal shares, that one such share be held in trust for the benefit of his widow and the remaining share be held in trust for the benefit of his son. The will provides that upon the widow’s death the principal of her trust be added to the principal of the trust for the son.
A question of construction of the will is raised by this proceeding because of the fact that the will, by explicit language, does not bequeath trust income to the son but, instead, the direction is that the son be paid stipulated amounts at weekly intervals “ out of such fund.” The fund has provided income in *21 excess of the stipulated amounts payable to the son and the court is asked to determine the disposition which is required to be made of so much of the income as shall not be required to make the weekly payments prescribed by the will.
The clear purpose of the testator, was to provide payments of fixed amounts to his son at stated intervals, whether the trust fund yielded the required amounts in the form of income or invasion of principal should be necessary to augment the trust income for this purpose. The payments to the son are in the nature of an annuity inasmuch as he is entitled to receive the stipulated amounts irrespective of the actual trust income (Cochrane v. Schell, 140 N. Y. 516). The direction for payments in fixed amounts is an authorization to invade the trust principal in the event of an inadequacy of trust income and, conversely, in the event trust income shall exceed the amounts required to make the payments to the son, the testamentary direction is not a bequest to him of the excess income. The failure of the will to make provision for the payment of excess income does not invalidate the testamentary provision but requires that such income be paid to the persons presumptively entitled to the next eventual estate (Matter of Fischer, 307 N. Y. 149, 159; Cochrane v. Schell, supra; Matter of Harteau, 204 N. Y. 292; Real Property Law, § 63).