S. Samuel Di Falco, S.
The executor requests instructions as an incident to his final accounting. In Paragraph Third of her will testatrix created two equal trusts of her residuary estate with the income of one trust payable for life to her son and the income of the other trust payable to her daugher for life. Decedent gave a limited power of appointment to her son. She directed that upon the death of her daughter the principal of her trust is to be paid to her issue either outright or on further trusts depending upon the ages of such issue.
The beneficiaries of the trusts renounced their rights to the income. Decedent’s son died during the administration of the trust and in his will he exercised the power of appointment given to him in this decedent’s will. The income from his trust is, therefore, payable to his sister from the date of decedent’s death to the date of the birth of his daughter, and to the latter from that date to the date of his death as the persons presumptively entitled to the next eventual estate (Real Property Law, § 63 ; Matter of Harteau, 204 N. Y. 292 ; Matter of Brown, 22 Misc 2d 277 ; Matter of Siegel, 24 Misc 2d 20). The income subsequent to the death of the income beneficiary is payable to the trustees herein by virtue of his exercise of the power of appointment. The income from the trust for the benefit of decedent’s daughter is payable during her life to her three children or to the trustees for their benefit as the persons presumptively entitled to the next eventual estate.
The assets of an inter vivos trust created by the decedent under the laws of Prince Edward Island, Dominion of Canada, were includable in the estate for the purpose of the Federal and New York State estate tax. The executor has paid the estate taxes and the trustees of the Canadian trust refuse to contribute their proportionate part thereof or to submit to the jurisdiction of this court. None of the trust assets are in New York State. The trust is in no way beneficially interested in this estate. There being no assets of the trust before the court, any liability imposed would not be binding upon the trustees. It thus appears that contribution for the estate taxes cannot be enforced against the trustees of the Canadian trust. (Matter of Buckman, 270 App. Div. 707, affd. 296 N. Y. 915, cert. denied 332 U. S. 763.) In view of the circumstances presented the advance payments of commissions to the executor and the compensation for legal services to the firm of attorneys of which he is a member are approved. The additional compensation of the attorneys is allowed in the amount requested.