A. F. Mahoney, S.
This is a proceeding for the construction of certain provisions of the last will and testament of Charles Hagymas and for judicial settlement of his estate. The will was executed on the 29th day of March, 1956 and testator died on the 30th day of April, 1964, survived by his adult son. Letters testamentary were issued by this court on the 19th day of May, 1964.
The paragraph marked ‘1 Second ’ ’ of the will provides as follows: ‘ ‘ All of the rest, residue and remainder of my property and estate, both real and personal of every kind and description and wheresoever situated of which I shall die seized or possessed, or to which I shall be entitled at the time of my death, I give, bequeath and devise to my executor, hereinafter named, in trust, to collect the rents, proceeds, interest and income therefrom, and to pay to my son, David C. Hagymas, the sum of Fifty Dollars per month and in matters of emergency, my executor is hereby empowered to pay any and all debts incurred or contracted by or in my said son’s behalf which debts, my executor, in its discretion, deems should be paid ”.
Paragraph “ Fourth ” of the said will grants to the testator’s son an absolute power of appointment and, further, provides that if the son should die without exercising the said power, corpus of the trust is to go to the son’s issue, him surviving, in equal shares.
The son is the only heir of the testator and, though married, is presently childless.
The trust created by paragraph “ Second ” of the will has been funded with approximately $50,000 and produces an annual income of several thousands of dollars. The question as to the disposition of accumulated income in excess of the $600 directed to be paid to the son is answered by the provisions of section 63 of the Beal Property Law of the State of New York. This section provides that where there is no valid direction for the disposition of accumulated income, the said accumulations shall belong to the persons presumptively entitled to the next eventual estate (Matter of Siegel, 24 Misc 2d 20). The direction for payments in fixed amounts, as herein, is an authorization to invade the trust principal if the income should be inadequate but, conversely, if the income exceeds the amounts required, the testamentary direction is not a bequest to the income beneficiary of the excess income. However, in the instant case the income *494 beneficiary is also the sole heir of the testator and would be entitled to take the deceased father’s entire estate in the event of intestacy. Under these circumstances, the son, so long as he is childless, is also the owner of the next eventual estate. Therefore, not as the life beneficiary but as the owner of the next eventual estate he is entitled to receive all accumulated income in excess of $600 annually from the date of the testator’s death. Following the date of birth of any child his issue would be the person(s) presumptively entitled to the next eventual estate. However, such issue, though presumptively entitled to the next eventual estate, are prohibited from becoming the recipents of the excess accumulations by reason of the following language of section 63 of the Real Property Law of the State of New York: “ But any and all persons who legally shall have begun heretofore, or shall begin hereafter, to receive any such undisposed of rents and profits or any part thereof by virtue of this section or otherwise, shall continue to receive and enjoy the same notwithstanding the birth thereafter of a child or children to any person or persons receiving all or any part of such rents and profits.” Therefore, the son of the testator as the owner of the next eventual estate is entitled to receive all of the excess accumulations of the trust from the date of his father’s demise to the time of the happening of the event which will terminate the trust.
Since the life beneficiary has been given an absolute power of appointment and, further, since the exercise or nonexercise of that power is the event which will terminate the accumulation, and dispose of the corpus of the trust, it is unnecessary, in my view, to determine the owners of the next eventual estate beyond the issue of the income beneficiary. If the son exercises the power in favor of someone other than his own issue the trust terminates. Likewise, if he fails to exercise the power the corpus of the trust will descend to his issue.
A construction is also sought for that part of paragraph “Second” of the will that empowers the executor-trustee “ in matters of emergency * * * to pay any and all debts incurred or contracted by or in my said son’s behalf which debts, my executor, in its discretion, deems should be paid.”
I refrain from an interpretation of this testamentary direction not because the connotations of the phrase “ in matters of emergency” are so multitudinous or because each debt of the income beneficiary must be considered in light of his circumstances at the time of his request for advancement of trust principal. I refrain because the testator has so directed.
It is the discretion of the executor-trustee that the deceased has directed be used in determining if any of his son’s debts *495 are matters of emergency. The decisions as to which, if any, of the son’s obligations are so immediate and pressing so as to constitute an emergency may be difficult to make, but the rule insulating a trustee from interference with his judgment by another, including the court, is well calculated to carry out the intent of the settlor that the trustee chosen to make the decisions should do so. (Matter of Eckert, 23 A D 2d 32.)
For me to construe this portion of the will would be tantamount to substituting my judgment in place of that of the trustee. This I not only should not but cannot do.
Under the ternas of the trust the trustee is free to exercise its discretion in determining if any of the son’s debts meet the test of an emergency. All that I could possibly review would be an issue of any abuse of that discretion.